MARK D. FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
DAVID ALBERTI (Bar. No. 220625)
david.alberti@dlapiper.com
YAKOV M. ZOLOTOREV (Bar No. 224260)
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON (Bar No. 230873)
carrie.williamson@dlapiper.com
ELIZA BEHOLD (Bar No. 233169)
eliza.bechtold@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Plaintiff,
Sun Microsystems, Inc.

**ORIGINAL
FILED**

OCT 2 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**E-FILING**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| SUN MICROSYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NETWORK APPLIANCE, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. **C07 05448 JW RS**<br><br>**COMPLAINT FOR:**<br><br>**(1) PATENT INFRINGEMENT**<br>**(2) UNFAIR COMPETITION UNDER THE LANHAM ACT**<br>**(3) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CERTIFICATION OF INTERESTED ENTITIES OR PARTIES** |

Plaintiff Sun Microsystems, Inc. ("Sun") complains and alleges as follows against Defendant Network Appliance, Inc. ("NetApp"):

## THE PARTIES AND THE NATURE OF THIS ACTION

1.      Founded in 1982, Sun has a proven track record of 25 years of innovation. Sun's

-1-

1    inventive technology, a result of the intelligence and creativity of its employees and Sun's

2    substantial investment in research and development, is reflected by the over 6,000 United States

3    patents now held by Sun. Sun is serious about innovation – matching words with deeds in

4    investing approximately $1.5 billion dollars in research and development during its last fiscal

5    year alone. In contrast, reflecting its relative lack of innovation, on information and belief,

6    NetApp, a Sun competitor, spent only about a fourth as much on research and development

7    (approximately $390 million during its last fiscal year) and holds only approximately 200 United

8    States patents. Indeed, rather than innovate, NetApp builds on the innovation of others. For

9    example, while, as alleged below, Sun develops breakthrough software and shares it with open

10   source communities, NetApp, on information and belief, uses extensive amounts of open source

11   code developed by others, without contributing any innovation of its own.

12          2.      Sun provides network computing infrastructure solutions that include computer

13   systems, software, storage and services. Sun's core brands include the Java technology platform,

14   the Solaris operating system, StorageTek and the UltraSPARC processor. Sun's network

15   computing infrastructure solutions are used in a wide range of industries, including the technical

16   and scientific, business, engineering, telecommunications, financial services, manufacturing,

17   retail, government, life sciences, media and entertainment, transportation, energy and utilities, and

18   health care industries.

19          3.      Sun and NetApp are direct competitors in the data storage systems field, which

20   encompasses hardware, software and systems used in storing data. Sun's StorageTek brand

21   products offer customers a broad portfolio of storage and data management solutions for storing

22   information securely, managing it intelligently and providing ready access to it. Sun's Sun Fire

23   brand systems are industry-standard servers offering low prices, increased performance and great

24   energy efficiency.

25          4.      A key component in a data storage system is its file system. Sun's successful

26   Zettabyte File System ("ZFS") offers immense scalability, unmatched simplicity, speed and

27   security, and enables inexpensive storage solutions. The innovative design of ZFS has won rave

28

1   reviews by users and the industry alike, and ZFS is being widely adopted. NetApp lacks a

2   product having the capabilities of ZFS. The adoption of ZFS has been greatly facilitated by Sun's

3   release of ZFS to the open source community -- which stands in contrast with NetApp, which has

4   declined to open source its file systems software. Indeed, although, on information and belief,

5   NetApp relies significantly on open source software provided by others (e.g., NFS and Linux),

6   NetApp does not reciprocate by releasing NetApp software to the open source community.

7   Instead, on information and belief, NetApp has sought to thwart open source software by suing

8   Sun in other litigation to stop ZFS.

9       5.      As alleged below, NetApp uses Sun's innovative patented technology throughout

10  its products. The Sun patents range in technology, from processing systems, to networking

11  architecture, to storage technology, to file system management, used widely across

12  NetApps product lines. Because NetApp uses Sun's patented technology without a license to do

13  so, NetApp is infringing Sun's patents, and Sun is entitled to compensation from NetApp for its

14  unauthorized use of Sun's technology, and to an injunction against NetApp to halt its continued

15  use of Sun's technology.

16      6.      As alleged below, NetApp also competes unfairly with Sun by falsely and publicly

17  accusing Sun of infringing NetApp's patents and stealing from NetApp, and by misrepresenting

18  the consequences of using Sun technology. Sun is entitled to an injunction prohibiting NetApp

19  from making such misrepresentations to third parties.

20      7.      Sun is a Delaware corporation having its principal place of business at 4150

21  Network Circle, Santa Clara, California 95054.

22      8.      Sun is informed and believes and thereon alleges that defendant NetApp is a

23  Delaware corporation having its principal place of business at 495 E. Java Drive, Sunnyvale,

24  California 94089.

25                              **JURISDICTION**

26      9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and

27  1367, in that this is a civil action involving claims arising under the law of the United States,

28

1   claims arising under the Patent and Trademark Act, 35 U.S.C. § 1 *et seq.*, and wherein all other

2   claims are so related to claims within the Court's original jurisdiction that they form part of the

3   same case or controversy.

4         10.     This Court has personal jurisdiction over NetApp because it resides in, and

5   transacts business within, the State of California and the Northern District.

6   **VENUE**

7         11.     Venue is proper in this district pursuant to 28 U.S.C. § 1400 because NetApp

8   resides in this district and because NetApp has committed acts of infringement in this district and

9   has a regular established place of business in this district.  Venue also is proper in this district

10  pursuant to 28 U.S.C. § 1391 because the events or omissions which give rise to this action

11  occurred in this district and NetApp is a corporation that is subject to personal jurisdiction in

12  California and is deemed to reside in this district under § 1391(c).

13  **INTRADISTRICT ASSIGNMENT**

14        12.     Both plaintiff Sun and defendant NetApp are located in the San Jose Division and,

15  therefore, assignment to the San Jose Division is proper and appropriate.  Further, pursuant to

16  Local Rule 3-2(b) and (c), this action may be filed in and assigned to the San Jose Division as this

17  action includes intellectual property claims and, therefore, may be assigned on a district-wide

18  basis.

19  **THE PATENTS**

20        13.     On June 23, 1992, United States Patent No. 5,124,987 (the "'987 patent"), entitled

21  "Logical track write scheduling system for a parallel disk drive array data storage subsystem,"

22  was duly and legally issued by the United States Patent and Trademark Office (the "USPTO") to

23  Charles A. Milligan and George A. Rudeseal.  Sun is the owner of the entire right, title and

24  interest in and to the '987 patent.  A true and correct copy of the '987 patent is attached hereto as

25  Exhibit A.

26        14.     On July 4, 1995, United States Patent No. 5,430,855 (the "'855 patent"), entitled

27  "Disk drive array memory system using nonuniform disk drives," was duly and legally issued by

28

1  the USPTO to Robert Walsh, George A. Rudeseal, and Jay S. Belsan.  Sun is the owner of the

2  entire right, title and interest in and to the '855 patent.  A true and correct copy of the '855 patent

3  is attached hereto as Exhibit B.

4      15.     On April 11, 2000, United States Patent No. 6,049,528 (the "'528 patent"), entitled

5  "Trunking ethernet-compatible networks," was duly and legally issued by the USPTO to Ariel

6  Hendel, Leo A. Hejza, and Sampath H. K. Kumar.  Sun is the owner of the entire right, title and

7  interest in and to the '528 patent.  A true and correct copy of the '528 patent is attached hereto as

8  Exhibit C.

9      16.     On September 3, 2002, United States Patent No. 6,446,219 (the "'219 patent"),

10  entitled "Highly available cluster message passing facility," was duly and legally issued by the

11  USPTO to Gregory L. Slaughter and Robert Herndon.  Sun is the owner of the entire right, title

12  and interest in and to the '219 patent.  A true and correct copy of the '219 patent is attached

13  hereto as Exhibit D.

14      17.     On May 20, 1997, United States Patent No. 5,632,012 (the "'012 patent"), entitled

15  "Disk scrubbing system," was duly and legally issued by the USPTO to Jay S. Belsan, Alan R.

16  Permut, and George A. Rudeseal.  Sun is the owner of the entire right, title and interest in and to

17  the '012 patent.  A true and correct copy of the '012 patent is attached hereto as Exhibit E.

18      18.     On February 24, 1998, United States Patent No. 5,721,937 (the "'937 patent"),

19  entitled "Method and apparatus for reducing power consumption in a computer system by placing

20  the CPU in a low power mode," was duly and legally issued by the USPTO to Steven M.

21  Kurihara and Mark W. Insley.  Sun is the owner of the entire right, title and interest in and to the

22  '937 patent.  A true and correct copy of the '937 patent is attached hereto as Exhibit F.  The '987,

23  '855, '528, '219, '012 and '937 patents are collectively referred to as the "Sun Patents-in-Suit."

24                          **FIRST CLAIM FOR RELIEF**

25                          **(Infringement of the '987 Patent)**

26      19.     Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

27      20.     Sun is informed and believes, and on that basis alleges, that NetApp is infringing

28

the '987 patent by making, using, offering for sale, and/or selling within the United States devices

that embody the inventions disclosed and claimed in the '987 patent, and/or by importing into the

United States devices that embody the inventions disclosed and claimed in said patent.  On

information and belief, NetApp has been and is currently infringing one or more claims of the

'987 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its

products, services, methods and/or systems, including without limitation NetApp's Fabric

Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore

products.

21.    In addition to direct infringement, Sun is informed and believes, and on that basis

alleges, that NetApp has induced and contributed to infringement by others of the '987 patent.

22.    Based upon information and belief, NetApp has notice that it is infringing the '987

patent.  Despite such notice, NetApp has continued to willfully infringe said patent by making,

using, offering to sell, and/or selling within the United States products that embody the inventions

disclosed and claimed in said patent, and/or by importing such products into the United States.

23.    Sun has been irreparably harmed by NetApp's acts of infringement, and will

continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained

by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and

permanent injunction against NetApp and its infringing products.

24.    As a result of NetApp's acts of infringement, Sun has suffered and will continue to

suffer damages in an amount to be proven at trial.

25.    This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun

is entitled to an award of attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '855 Patent)**

26.    Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

27.    Sun is informed and believes, and on that basis alleges, that NetApp is infringing

the '855 patent by making, using, offering for sale, and/or selling within the United States devices

1   that embody the inventions disclosed and claimed in the '855 patent, and/or by importing into the

2   United States devices that embody the inventions disclosed and claimed in said patent.  On

3   information and belief, NetApp has been and is currently infringing one or more claims of the

4   '855 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its

5   products, services, methods and/or systems, including without limitation NetApp's Fabric

6   Attached Storage (FAS) products and NetApp's NearStore products.

7       28.    In addition to direct infringement, Sun is informed and believes, and on that basis

8   alleges, that NetApp has induced and contributed to infringement by others of the '855 patent.

9       29.    Based upon information and belief, NetApp has notice that it is infringing the '855

10   patent.  Despite such notice, NetApp has continued to willfully infringe said patent by making,

11   using, offering to sell, and/or selling within the United States products that embody the inventions

12   disclosed and claimed in said patent, and/or by importing such products into the United States.

13       30.    Sun has been irreparably harmed by NetApp's acts of infringement, and will

14   continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained

15   by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and

16   permanent injunction against NetApp and its infringing products.

17       31.    As a result of NetApp's acts of infringement, Sun has suffered and will continue to

18   suffer damages in an amount to be proven at trial.

19       32.    This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun

20   is entitled to an award of attorneys' fees.

21              **THIRD CLAIM FOR RELIEF**
22              **(Infringement of the '528 Patent)**

23       33.    Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

24       34.    Sun is informed and believes, and on that basis alleges, that NetApp is infringing

25   the '528 patent by making, using, offering for sale, and/or selling within the United States devices

26   that embody the inventions disclosed and claimed in the '528 patent, and/or by importing into the

27   United States devices that embody the inventions disclosed and claimed in said patent.  On

28

1    information and belief, NetApp has been and is currently infringing one or more claims of the

2    '528 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its

3    products, services, methods and/or systems, including without limitation NetApp's Fabric

4    Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore

5    products.

6        35.    In addition to direct infringement, Sun is informed and believes, and on that basis

7    alleges, that NetApp has induced and contributed to infringement by others of the '528 patent.

8        36.    Based upon information and belief, NetApp has notice that it is infringing the '528

9    patent.  Despite such notice, NetApp has continued to willfully infringe said patent by making,

10   using, offering to sell, and/or selling within the United States products that embody the inventions

11   disclosed and claimed in said patent, and/or by importing such products into the United States.

12       37.    Sun has been irreparably harmed by NetApp's acts of infringement, and will

13   continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained

14   by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and

15   permanent injunction against NetApp and its infringing products.

16       38.    As a result of NetApp's acts of infringement, Sun has suffered and will continue to

17   suffer damages in an amount to be proven at trial.

18       39.    This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun

19   is entitled to an award of attorneys' fees.

20                          **FOURTH CLAIM FOR RELIEF**
                            **(Infringement of the '219 Patent)**
21

22       40.    Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

23       41.    Sun is informed and believes, and on that basis alleges, that NetApp is infringing

24   the '219 patent by making, using, offering for sale, and/or selling within the United States devices

25   that embody the inventions disclosed and claimed in the '219 patent, and/or by importing into the

26   United States devices that embody the inventions disclosed and claimed in said patent.  On

27   information and belief, NetApp has been and is currently infringing one or more claims of the

28

DLA PIPER US LLP
EAST PALO ALTO

PA\10523067.5

-8-

COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION

1   '219 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its

2   products, services, methods and/or systems, including without limitation NetApp's Fabric

3   Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore

4   products.

5          42.    In addition to direct infringement, Sun is informed and believes, and on that basis

6   alleges, that NetApp has induced and contributed to infringement by others of the '219 patent.

7          43.    Based upon information and belief, NetApp has notice that it is infringing the '219

8   patent.  Despite such notice, NetApp has continued to willfully infringe said patent by making,

9   using, offering to sell, and/or selling within the United States products that embody the inventions

10  disclosed and claimed in said patent, and/or by importing such products into the United States.

11         44.    Sun has been irreparably harmed by NetApp's acts of infringement, and will

12  continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained

13  by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and

14  permanent injunction against NetApp and its infringing products.

15         45.    As a result of NetApp's acts of infringement, Sun has suffered and will continue to

16  suffer damages in an amount to be proven at trial.

17         46.    This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun

18  is entitled to an award of attorneys' fees.

19                        **FIFTH CLAIM FOR RELIEF**
                          **(Infringement of the '012 Patent)**
20

21         47.    Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

22         48.    Sun is informed and believes, and on that basis alleges, that NetApp is infringing

23  the '012 patent by making, using, offering for sale, and/or selling within the United States devices

24  that embody the inventions disclosed and claimed in the '012 patent, and/or by importing into the

25  United States devices that embody the inventions disclosed and claimed in said patent.  On

26  information and belief, NetApp has been and is currently infringing one or more claims of the

27  '012 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its

28

1    products, services, methods and/or systems, including without limitation NetApp's Fabric

2    Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore

3    products.

4         49.     In addition to direct infringement, Sun is informed and believes, and on that basis

5    alleges, that NetApp has induced and contributed to infringement by others of the '012 patent.

6         50.     Based upon information and belief, NetApp has notice that it is infringing the '012

7    patent. Despite such notice, NetApp has continued to willfully infringe said patent by making,

8    using, offering to sell, and/or selling within the United States products that embody the inventions

9    disclosed and claimed in said patent, and/or by importing such products into the United States.

10        51.     Sun has been irreparably harmed by NetApp's acts of infringement, and will

11   continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained

12   by order of this Court. Sun has no adequate remedy at law and is entitled to a preliminary and

13   permanent injunction against NetApp and its infringing products.

14        52.     As a result of NetApp's acts of infringement, Sun has suffered and will continue to

15   suffer damages in an amount to be proven at trial.

16        53.     This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun

17   is entitled to an award of attorneys' fees.

### SIXTH CLAIM FOR RELIEF
#### (Infringement of the '937 Patent)

20        54.     Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

21        55.     Sun is informed and believes, and on that basis alleges, that NetApp is infringing

22   the '937 patent by making, using, offering for sale, and/or selling within the United States devices

23   that embody the inventions disclosed and claimed in the '937 patent, and/or by importing into the

24   United States devices that embody the inventions disclosed and claimed in said patent. On

25   information and belief, NetApp has been and is currently infringing one or more claims of the

26   '937 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its

27   products, services, methods and/or systems, including without limitation NetApp's Fabric

28
DLA PIPER US LLP
EAST PALO ALTO

PA\10523067.5

-10-
COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION

1   Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore

2   products.

3       56.    In addition to direct infringement, Sun is informed and believes, and on that basis

4   alleges, that NetApp has induced and contributed to infringement by others of the '937 patent.

5       57.    Based upon information and belief, NetApp has notice that it is infringing the '937

6   patent.  Despite such notice, NetApp has continued to willfully infringe said patent by making,

7   using, offering to sell, and/or selling within the United States products that embody the inventions

8   disclosed and claimed in said patent, and/or by importing such products into the United States.

9       58.    Sun has been irreparably harmed by NetApp's acts of infringement, and will

10  continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained

11  by order of this Court.  Sun has no adequate remedy at law and is entitled to a preliminary and

12  permanent injunction against NetApp and its infringing products.

13      59.    As a result of NetApp's acts of infringement, Sun has suffered and will continue to

14  suffer damages in an amount to be proven at trial.

15      60.    This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun

16  is entitled to an award of attorneys' fees.

17              **SEVENTH CLAIM FOR RELIEF**
18          **(Unfair Competition under the Lanham Act)**

19      61.    Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

20      62.    NetApp disparaged Sun by engaging in commercial advertising in interstate

21  commerce that misrepresented the nature, character and qualities of Sun's products to customers

22  and prospective customers of Sun and to users and potential users of ZFS.  On September 5,

23  2007, and continuing daily since that time, NetApp and David Hitz, a founder, Executive Vice

24  President and employee of NetApp, posted and maintained on NetApp's website articles falsely

25  accusing ZFS of infringing NetApp patents.  Also on September 5, 2007, NetApp issued a press

26  release in which NetApp quotes Mr. Hitz again falsely asserting ZFS infringes NetApp patents.

27  Further, on October 25, 2007, and continuing daily since that time, NetApp and Mr. Hitz posted

28

1   and maintained on NetApp's website an article falsely suggesting Sun has stolen NetApp

2   technology.

3        63.    NetApp's acts and conduct constitute unfair competition under section 43(a) of the

4   Lanham Act.  NetApp's misleading and false statements of fact regarding patent infringement and

5   theft likely influence the decisions of Sun customers and prospective customers, and of users and

6   potential users of ZFS, and, on information and belief, were intended by NetApp to dissuade

7   Sun's customers and potential customers from purchasing, and to dissuade users and potential

8   users of ZFS from using, ZFS, and to influence such customers and users to purchase NetApp's

9   products and services instead.

10       64.    On information and belief, NetApp engaged in such acts and conduct in bad faith

11  with knowledge of the falsity of the representations of fact.

12       65.    As a direct and proximate result of NetApp's unfair competition, Sun has been and

13  is likely to be substantially injured and damaged in its business, resulting in diminished goodwill

14  associated with Sun's products and injury to Sun's reputation.

15       66.    Sun has no adequate remedy at law.

16       67.    Unless enjoined by the Court, NetApp will continue to compete unfairly with Sun,

17  to Sun's irreparable injury.  This threat of future injury to Sun's goodwill and reputation requires

18  injunctive relief to prevent NetApp's continued unfair competition and to mitigate Sun's injuries.

19                        **EIGHTH CLAIM FOR RELIEF**
                          **(Unfair Competition under California**
20                        **Business & Professions Code § 17200 *et seq.*)**

21

22       68.    Sun incorporates and realleges paragraphs 1 through 18 and 61 through 67 of these

23  claims for relief.

24       69.    NetApp's above-alleged conduct constitutes unlawful, unfair, or fraudulent

25  business practices in violation of California Business & Professions Code sections 17200, *et seq.*

26  NetApp's conduct is unlawful as it constitutes, among other unlawful conduct, defamation, trade

27  libel and product disparagement.  NetApp's conduct is unfair because, among other reasons, it is

28

1  unethical, substantially injurious to consumers, and otherwise significantly threatens and harms

2  competition.

3      70.     On information and belief, NetApp engaged in such conduct in bad faith with

4  knowledge of the falsity of the representations of fact.

5      71.     Such acts have deceived or are likely to deceive Sun's customers and prospective

6  customers into believing that Sun's ZFS software infringes NetApp patents, thereby dissuading

7  customers and prospective customers from using Sun's products and influencing such customers

8  to purchase NetApp's products and services.

9      72.     NetApp's statutory violations and other wrongful acts have injured and threaten to

10  continue to injure Sun, including loss of sales, dilution of goodwill and injury to Sun's reputation

11  in an amount as yet unknown but to be proven at trial. In addition, Sun has incurred and will

12  continue to incur attorneys' fees and costs in bringing the present action.

13      73.     Unless enjoined by this Court, NetApp will continue its unlawful, unfair, or

14  fraudulent business practices to the irreparable damage and injury of Sun.

15      74.     Sun has no remedy at law for the wrongful actions of NetApp.

16                              **PRAYER**

17      WHEREFORE: Sun prays for judgment against NetApp as follows:

18      1.     A judgment that NetApp has infringed, induced others to infringe, and/or

19  committed acts of contributory infringement with respect to the claims of each of the Sun Patents-

20  in-Suit;

21      2.     A judgment that NetApp's patent infringement has been, and continues to be,

22  willful and deliberate;

23      3.     An order preliminarily and permanently enjoining NetApp and its subsidiaries,

24  officers, agents, servants, employees, licensees and all other persons acting or attempting to act in

25  active concert or participation with it or acting on its behalf, from further infringement,

26  inducement or infringement, or contributory infringement of each of the Sun Patents-in-Suit;

27      4.     An order directing NetApp to account for and pay to Sun all damages caused to

28

DLA PIPER US LLP
EAST PALO ALTO

PA\10523067.5

-13-
COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION

1   Sun by reason of NetApp's patent infringement, pursuant to 35 U.S.C. § 284, including increased

2   damages under 35 U.S.C. § 284;

3       5.    An order directing NetApp to pay Sun's costs, expenses and reasonable attorneys'

4   fees pursuant to 35 U.S.C. § 285;

5       6.    An order preliminarily and permanently enjoining NetApp and its subsidiaries,

6   officers, agents, servants, employees, licensees and all other persons acting or attempting to act in

7   active concert or participation with it or acting on its behalf, from making false representations of

8   fact regarding Sun's products;

9       7.    For damages in an amount yet to be ascertained to be proven at trial on Sun's

10   claim under the Lanham Act;

11       8.    For restitution in amount yet to be ascertained to be proven at trial on Sun's claim

12   under the California Business and Professions Code;

13       9.    An award of pre-judgment and post-judgment interest on the damages caused to

14   Sun by NetApp;

15       10.    For attorneys' fees incurred in bringing this suit on Sun's claims under the

16   California Business and Professions Code and the Lanham Act;

17       11.    For the costs incurred by Sun in bringing this suit; and

18   For other and further legal and/or equitable relief as the Court deems just and proper.

19   Dated:  October 29, 2007

20               DLA PIPER US LLP

21

22               *Carrie L. Williamson*

23               Mark D. Fowler
            David Alberti

24               Yakov M. Zolotorev
            Carrie L. Williamson

25               Eliza Bechtold
            Attorneys for Plaintiff

26               SUN MICROSYSTEMS, INC.

27

28

1

## DEMAND FOR JURY TRIAL

2      Sun demands trial by jury for all so triable pursuant to Fed. R. Civ. Pro. 38(b) and Civil

3 L.R. 3-6(a).

4 Dated:  October 29, 2007

5                                                    DLA PIPER US LLP

6

7                                                    *Carrie L. Williamson*
                                                     Mark D. Fowler
8                                                    David Alberti
                                                     Yakov M. Zolotorev
9                                                    Carrie L. Williamson
                                                     Eliza Bechtold
10                                                   Attorneys for Plaintiff
                                                     SUN MICROSYSTEMS, INC.

11

12

## CERTIFICATION OF INTERESTED ENTITIES OR PARTIES
13

14      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

       named parties, there is no such interest to report.
15

16

17 Dated:  October 29, 2007

                                                     DLA PIPER US LLP
18

19                                                   *Carrie L. Williamson*
                                                     Mark D. Fowler
20                                                   David Alberti
                                                     Yakov M. Zolotorev
21                                                   Carrie L. Williamson
                                                     Eliza Bechtold
22                                                   Attorneys for Plaintiff
                                                     SUN MICROSYSTEMS, INC.

23

24

25

26

27

28

DLA PIPER US LLP
EAST PALO ALTO

PA\10523067.5

-15-
COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION