MARK D. FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
DAVID ALBERTI (Bar. No. 220625)
david.alberti@dlapiper.com
YAKOV M. ZOLOTOREV (Bar No. 224260)
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON (Bar No. 230873)
carrie.williamson@dlapiper.com
ELIZA BECHTOLD (Bar No. 233169)
eliza.bechtold@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Plaintiff,
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NETWORK APPLIANCE, INC., a Delaware corporation,<br><br>　　　　　Defendant. | CASE NO. C-07-05488 JW<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) **PATENT INFRINGEMENT**<br>(2) **UNFAIR COMPETITION UNDER THE LANHAM ACT**<br>(3) **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CERTIFICATION OF INTERESTED ENTITIES OR PARTIES** |

Plaintiff Sun Microsystems, Inc. ("Sun") complains and alleges as follows against Defendant Network Appliance, Inc. ("NetApp"):

### THE PARTIES AND THE NATURE OF THIS ACTION

1.　Founded in 1982, Sun has a proven track record of 25 years of innovation. Sun's

-1-

inventive technology, a result of the intelligence and creativity of its employees and Sun's substantial investment in research and development, is reflected by the over 6,000 United States patents now held by Sun. Sun is serious about innovation – matching words with deeds in investing approximately $1.5 billion dollars in research and development during its last fiscal year alone. In contrast, reflecting its relative lack of innovation, on information and belief, NetApp, a Sun competitor, spent only about a fourth as much on research and development (approximately $390 million during its last fiscal year) and holds only approximately 200 United States patents. Indeed, rather than innovate, NetApp builds on the innovation of others. For example, while, as alleged below, Sun develops breakthrough software and shares it with open source communities, NetApp, on information and belief, uses extensive amounts of open source code developed by others, without contributing any innovation of its own.

2.     Sun provides network computing infrastructure solutions that include computer systems, software, storage and services. Sun's core brands include the Java technology platform, the Solaris operating system, StorageTek and the UltraSPARC processor. Sun's network computing infrastructure solutions are used in a wide range of industries, including the technical and scientific, business, engineering, telecommunications, financial services, manufacturing, retail, government, life sciences, media and entertainment, transportation, energy and utilities, and health care industries.

3.     Sun and NetApp are direct competitors in the data storage systems field, which encompasses hardware, software and systems used in storing data. Sun's StorageTek brand products offer customers a broad portfolio of storage and data management solutions for storing information securely, managing it intelligently and providing ready access to it. Sun's Sun Fire brand systems are industry-standard servers offering low prices, increased performance and great energy efficiency.

4.     A key component in a data storage system is its file system. Sun's successful Zettabyte File System ("ZFS") offers immense scalability, unmatched simplicity, speed and security, and enables inexpensive storage solutions. The innovative design of ZFS has won rave

reviews by users and the industry alike, and ZFS is being widely adopted. NetApp lacks a product having the capabilities of ZFS. The adoption of ZFS has been greatly facilitated by Sun's release of ZFS to the open source community -- which stands in contrast with NetApp, which has declined to open source its file systems software. Indeed, although, on information and belief, NetApp relies significantly on open source software provided by others (e.g., NFS and Linux), NetApp does not reciprocate by releasing NetApp software to the open source community. Instead, on information and belief, NetApp has sought to thwart open source software by suing Sun in other litigation to stop ZFS.

5.  As alleged below, NetApp uses Sun's innovative patented technology throughout its products. The Sun patents range in technology, from processing systems, to networking architecture, to storage technology, to file system management, used widely across NetApps product lines. Because NetApp uses Sun's patented technology without a license to do so, NetApp is infringing Sun's patents, and Sun is entitled to compensation from NetApp for its unauthorized use of Sun's technology, and to an injunction against NetApp to halt its continued use of Sun's technology.

6.  As alleged below, NetApp also competes unfairly with Sun by falsely and publicly accusing Sun of infringing NetApp's patents and stealing from NetApp, and by misrepresenting the consequences of using Sun technology. Sun is entitled to an injunction prohibiting NetApp from making such misrepresentations to third parties.

7.  Sun is a Delaware corporation having its principal place of business at 4150 Network Circle, Santa Clara, California 95054.

8.  Sun is informed and believes and thereon alleges that defendant NetApp is a Delaware corporation having its principal place of business at 495 E. Java Drive, Sunnyvale, California 94089.

**JURISDICTION**

9.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a civil action involving claims arising under the law of the United States,

claims arising under the Patent and Trademark Act, 35 U.S.C. § 1 *et seq.*, and wherein all other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. This Court has personal jurisdiction over NetApp because it resides in, and transacts business within, the State of California and the Northern District.

## VENUE

11. Venue is proper in this district pursuant to 28 U.S.C. § 1400 because NetApp resides in this district and because NetApp has committed acts of infringement in this district and has a regular established place of business in this district. Venue also is proper in this district pursuant to 28 U.S.C. § 1391 because the events or omissions which give rise to this action occurred in this district and NetApp is a corporation that is subject to personal jurisdiction in California and is deemed to reside in this district under § 1391(c).

## INTRADISTRICT ASSIGNMENT

12. Both plaintiff Sun and defendant NetApp are located in the San Jose Division and, therefore, assignment to the San Jose Division is proper and appropriate. Further, pursuant to Local Rule 3-2(b) and (c), this action may be filed in and assigned to the San Jose Division as this action includes intellectual property claims and, therefore, may be assigned on a district-wide basis.

## THE PATENTS

13. On June 23, 1992, United States Patent No. 5,124,987 (the "'987 patent"), entitled "Logical track write scheduling system for a parallel disk drive array data storage subsystem," was duly and legally issued by the United States Patent and Trademark Office (the "USPTO") to Charles A. Milligan and George A. Rudeseal. Sun is the owner of the entire right, title and interest in and to the '987 patent. A true and correct copy of the '987 patent is attached hereto as Exhibit A.

14. On July 4, 1995, United States Patent No. 5,430,855 (the "'855 patent"), entitled "Disk drive array memory system using nonuniform disk drives," was duly and legally issued by

the USPTO to Robert Walsh, George A. Rudeseal, and Jay S. Belsan. Sun is the owner of the entire right, title and interest in and to the '855 patent. A true and correct copy of the '855 patent is attached hereto as Exhibit B.

15. On April 11, 2000, United States Patent No. 6,049,528 (the "'528 patent"), entitled "Trunking ethernet-compatible networks," was duly and legally issued by the USPTO to Ariel Hendel, Leo A. Hejza, and Sampath H. K. Kumar. Sun is the owner of the entire right, title and interest in and to the '528 patent. A true and correct copy of the '528 patent is attached hereto as Exhibit C.

16. On September 3, 2002, United States Patent No. 6,421,787 (the "'787 patent"), entitled "Highly available cluster message passing facility," was duly and legally issued by the USPTO to Gregory L. Slaughter and Robert Herndon. Sun is the owner of the entire right, title and interest in and to the '787 patent. A true and correct copy of the '787 patent is attached hereto as Exhibit D.

17. On May 20, 1997, United States Patent No. 5,632,012 (the "'012 patent"), entitled "Disk scrubbing system," was duly and legally issued by the USPTO to Jay S. Belsan, Alan R. Permut, and George A. Rudeseal. Sun is the owner of the entire right, title and interest in and to the '012 patent. A true and correct copy of the '012 patent is attached hereto as Exhibit E.

18. On February 24, 1998, United States Patent No. 5,721,937 (the "'937 patent"), entitled "Method and apparatus for reducing power consumption in a computer system by placing the CPU in a low power mode," was duly and legally issued by the USPTO to Steven M. Kurihara and Mark W. Insley. Sun is the owner of the entire right, title and interest in and to the '937 patent. A true and correct copy of the '937 patent is attached hereto as Exhibit F. The '987, '855, '528, '787, '012 and '937 patents are collectively referred to as the "Sun Patents-in-Suit."

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '987 Patent)**

19. Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

20. Sun is informed and believes, and on that basis alleges, that NetApp is infringing

the '987 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '987 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '987 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore products.

21. In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '987 patent.

22. Based upon information and belief, NetApp has notice that it is infringing the '987 patent. Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

23. Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court. Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

24. As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

25. This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

### SECOND CLAIM FOR RELIEF
**(Infringement of the '855 Patent)**

26. Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

27. Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '855 patent by making, using, offering for sale, and/or selling within the United States devices

that embody the inventions disclosed and claimed in the '855 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '855 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products and NetApp's NearStore products.

28. In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '855 patent.

29. Based upon information and belief, NetApp has notice that it is infringing the '855 patent. Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

30. Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court. Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

31. As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

32. This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (Infringement of the '528 Patent)

33. Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

34. Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '528 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '528 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On

DLA PIPER US LLP
EAST PALO ALTO

PA\10523067.6

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION

information and belief, NetApp has been and is currently infringing one or more claims of the '528 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore products.

35. In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '528 patent.

36. Based upon information and belief, NetApp has notice that it is infringing the '528 patent. Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

37. Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court. Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

38. As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

39. This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of the '787 Patent)**

40. Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

41. Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '787 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '787 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the

'787 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore products.

42. In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '787 patent.

43. Based upon information and belief, NetApp has notice that it is infringing the '787 patent. Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

44. Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court. Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

45. As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

46. This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

### FIFTH CLAIM FOR RELIEF
### (Infringement of the '012 Patent)

47. Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

48. Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '012 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '012 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '012 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its

products, services, methods and/or systems, including without limitation NetApp's Fabric Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore products.

49. In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '012 patent.

50. Based upon information and belief, NetApp has notice that it is infringing the '012 patent. Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

51. Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court. Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

52. As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

53. This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

## SIXTH CLAIM FOR RELIEF
### (Infringement of the '937 Patent)

54. Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

55. Sun is informed and believes, and on that basis alleges, that NetApp is infringing the '937 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '937 patent, and/or by importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, NetApp has been and is currently infringing one or more claims of the '937 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation NetApp's Fabric

Attached Storage (FAS) products, NetApp's V-series products, and NetApp's NearStore products.

56. In addition to direct infringement, Sun is informed and believes, and on that basis alleges, that NetApp has induced and contributed to infringement by others of the '937 patent.

57. Based upon information and belief, NetApp has notice that it is infringing the '937 patent. Despite such notice, NetApp has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

58. Sun has been irreparably harmed by NetApp's acts of infringement, and will continue to be harmed unless and until NetApp's acts of infringement are enjoined and restrained by order of this Court. Sun has no adequate remedy at law and is entitled to a preliminary and permanent injunction against NetApp and its infringing products.

59. As a result of NetApp's acts of infringement, Sun has suffered and will continue to suffer damages in an amount to be proven at trial.

60. This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Sun is entitled to an award of attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
(Unfair Competition under the Lanham Act)

61. Sun incorporates and realleges paragraphs 1 through 18 of these claims for relief.

62. NetApp disparaged Sun by engaging in commercial advertising in interstate commerce that misrepresented the nature, character and qualities of Sun's products to customers and prospective customers of Sun and to users and potential users of ZFS. On September 5, 2007, and continuing daily since that time, NetApp and David Hitz, a founder, Executive Vice President and employee of NetApp, posted and maintained on NetApp's website articles falsely accusing ZFS of infringing NetApp patents. Also on September 5, 2007, NetApp issued a press release in which NetApp quotes Mr. Hitz again falsely asserting ZFS infringes NetApp patents. Further, on October 25, 2007, and continuing daily since that time, NetApp and Mr. Hitz posted

and maintained on NetApp's website an article falsely suggesting Sun has stolen NetApp technology.

63.  NetApp's acts and conduct constitute unfair competition under section 43(a) of the Lanham Act. NetApp's misleading and false statements of fact regarding patent infringement and theft likely influence the decisions of Sun customers and prospective customers, and of users and potential users of ZFS, and, on information and belief, were intended by NetApp to dissuade Sun's customers and potential customers from purchasing, and to dissuade users and potential users of ZFS from using, ZFS, and to influence such customers and users to purchase NetApp's products and services instead.

64.  On information and belief, NetApp engaged in such acts and conduct in bad faith with knowledge of the falsity of the representations of fact.

65.  As a direct and proximate result of NetApp's unfair competition, Sun has been and is likely to be substantially injured and damaged in its business, resulting in diminished goodwill associated with Sun's products and injury to Sun's reputation.

66.  Sun has no adequate remedy at law.

67.  Unless enjoined by the Court, NetApp will continue to compete unfairly with Sun, to Sun's irreparable injury. This threat of future injury to Sun's goodwill and reputation requires injunctive relief to prevent NetApp's continued unfair competition and to mitigate Sun's injuries.

### EIGHTH CLAIM FOR RELIEF
### (Unfair Competition under California Business & Professions Code § 17200 *et seq.*)

68.  Sun incorporates and realleges paragraphs 1 through 18 and 61 through 67 of these claims for relief.

69.  NetApp's above-alleged conduct constitutes unlawful, unfair, or fraudulent business practices in violation of California Business & Professions Code sections 17200, *et seq.* NetApp's conduct is unlawful as it constitutes, among other unlawful conduct, defamation, trade libel and product disparagement. NetApp's conduct is unfair because, among other reasons, it is

unethical, substantially injurious to consumers, and otherwise significantly threatens and harms competition.

70. On information and belief, NetApp engaged in such conduct in bad faith with knowledge of the falsity of the representations of fact.

71. Such acts have deceived or are likely to deceive Sun's customers and prospective customers into believing that Sun's ZFS software infringes NetApp patents, thereby dissuading customers and prospective customers from using Sun's products and influencing such customers to purchase NetApp's products and services.

72. NetApp's statutory violations and other wrongful acts have injured and threaten to continue to injure Sun, including loss of sales, dilution of goodwill and injury to Sun's reputation in an amount as yet unknown but to be proven at trial. In addition, Sun has incurred and will continue to incur attorneys' fees and costs in bringing the present action.

73. Unless enjoined by this Court, NetApp will continue its unlawful, unfair, or fraudulent business practices to the irreparable damage and injury of Sun.

74. Sun has no remedy at law for the wrongful actions of NetApp.

## PRAYER

WHEREFORE: Sun prays for judgment against NetApp as follows:

1. A judgment that NetApp has infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to the claims of each of the Sun Patents-in-Suit;

2. A judgment that NetApp's patent infringement has been, and continues to be, willful and deliberate;

3. An order preliminarily and permanently enjoining NetApp and its subsidiaries, officers, agents, servants, employees, licensees and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from further infringement, inducement or infringement, or contributory infringement of each of the Sun Patents-in-Suit;

4. An order directing NetApp to account for and pay to Sun all damages caused to

1  Sun by reason of NetApp's patent infringement, pursuant to 35 U.S.C. § 284, including increased
2  damages under 35 U.S.C. § 284;
3      5.    An order directing NetApp to pay Sun's costs, expenses and reasonable attorneys'
4  fees pursuant to 35 U.S.C. § 285;
5      6.    An order preliminarily and permanently enjoining NetApp and its subsidiaries,
6  officers, agents, servants, employees, licensees and all other persons acting or attempting to act in
7  active concert or participation with it or acting on its behalf, from making false representations of
8  fact regarding Sun's products;
9      7.    For damages in an amount yet to be ascertained to be proven at trial on Sun's
10 claim under the Lanham Act;
11     8.    For restitution in amount yet to be ascertained to be proven at trial on Sun's claim
12 under the California Business and Professions Code;
13     9.    An award of pre-judgment and post-judgment interest on the damages caused to
14 Sun by NetApp;
15     10.    For attorneys' fees incurred in bringing this suit on Sun's claims under the
16 California Business and Professions Code and the Lanham Act;
17     11.    For the costs incurred by Sun in bringing this suit; and
18 For other and further legal and/or equitable relief as the Court deems just and proper.
19 Dated: November 2, 2007

DLA PIPER US LLP

*/s/ Mark D. Fowler*

Mark D. Fowler
David Alberti
Yakov M. Zolotorev
Carrie L. Williamson
Eliza Bechtold
Attorneys for Plaintiff
SUN MICROSYSTEMS, INC.

## DEMAND FOR JURY TRIAL

Sun demands trial by jury for all so triable pursuant to Fed. R. Civ. Pro. 38(b) and Civil L.R. 3-6(a).

Dated: November 2, 2007

DLA PIPER US LLP

*/s/ Mark D. Fowler*
Mark D. Fowler
David Alberti
Yakov M. Zolotorev
Carrie L. Williamson
Eliza Bechtold
Attorneys for Plaintiff
SUN MICROSYSTEMS, INC.

## CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: October 29, 2007

DLA PIPER US LLP

*/s/ Mark D. Fowler*
Mark D. Fowler
David Alberti
Yakov M. Zolotorev
Carrie L. Williamson
Eliza Bechtold
Attorneys for Plaintiff
SUN MICROSYSTEMS, INC.