1   MATTHEW D. POWERS (Bar No. 104795)
    matthew.powers@weil.com
2   EDWARD R. REINES (Bar No. 135960)
    edward.reines@weil.com
3   JEFFREY G. HOMRIG (Bar No. 215890)
    jeffrey.homrig@weil.com
4   JILL J. HO (Bar No. 236349)
    jill.ho@weil.com
5   WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
6   Redwood Shores, CA  94065
    Telephone: (650) 802-3000
7   Facsimile: (650) 802-3100

8   Attorneys for Defendant-Counterclaim Plaintiff
    Network Appliance, Inc.

9

                    UNITED STATES DISTRICT COURT
10                 NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
11

12  SUN MICROSYSTEMS, INC., a Delaware         Case No. C-07-05488 EDL
    corporation,
13                                             **SUPPLEMENTAL ANSWER AND**
           Plaintiff-Counterclaim Defendant,   **COUNTERCLAIMS TO FIRST**
14                                             **AMENDED COMPLAINT FOR:**
           v.                                  **(1) PATENT INFRINGEMENT**
15                                             **(2) UNFAIR COMPETITION UNDER**
    NETWORK APPLIANCE, INC. a Delaware         **THE LANHAM ACT**
16  corporation,                               **(3) UNFAIR COMPETITION UNDER**
                                               **CAL. BUS. & PROF. CODE § 17200**
17         Defendant-Counterclaim Plaintiff.
                                               **DEMAND FOR JURY TRIAL**
18

19

20

21

22

23

24

25

26

27

28

1    Defendant Network Appliance, Inc. ("NetApp") responds to the First Amended

2    Complaint of Plaintiff Sun Microsystems, Inc. ("Sun") as follows:

3                    **THE PARTIES AND THE NATURE OF THE ACTION**

4        1.    NetApp admits that it spent approximately $390 million on research and

5    development during the last fiscal year and holds approximately 250 United States patents.

6    NetApp is a pioneer in the design of data storage systems marketed throughout the United States

7    and abroad and continues to innovate new advances in data storage technology.  NetApp's patents

8    cover a host of advanced features found in NetApp's award-winning Data ONTAP$^{®}$ software and

9    Write Anywhere File Layout (WAFL$^{®}$) filesystem.  These include fundamental developments in

10    filesystems, unified storage solutions, data consistency, data integrity, storage management, write

11    allocation, read-only data images (Snapshots™), writeable clones, copy-on-write, RAID arrays

12    and assimilation, and file system image transfer.  NetApp's patented features are demanded by

13    customers the world over because they greatly enhance the performance, reliability and ease of

14    use of data storage systems.  NetApp admits that it has not open-sourced its DataONTAP$^{®}$

15    software.  NetApp denies that it merely builds upon the innovations of others without contributing

16    developments of its own.  NetApp lacks sufficient knowledge or information to form a belief as to

17    the truth of the remaining allegations of paragraph 1 of Sun's First Amended Complaint and, on

18    that basis, denies them.

19        2.    NetApp lacks sufficient knowledge or information to form a belief as to the

20    truth of the allegations of paragraph 2 of Sun's First Amended Complaint and, on that basis,

21    denies them.

22        3.    NetApp admits that it sells data storage systems, including hardware,

23    software and systems used in storing data and that Sun and NetApp are competitors.  NetApp

24    lacks sufficient knowledge or information to form a belief as to the truth of the remaining

25    allegations of paragraph 3 of Sun's First Amended Complaint and, on that basis, denies them.

26        4.    NetApp admits that a key component in a data storage system is its file

27    system. NetApp denies that its products lack the capabilities of ZFS.  Indeed, NetApp's Data

28    ONTAP$^{®}$ software is superior to ZFS.    NetApp admits that it has not open-sourced its

DataONTAP® software.  NetApp denies that it has sought to thwart open-source software by suing Sun in other litigation to stop ZFS.  In fact, one objective of NetApp's initial suit against Sun and its counterclaims here is to prevent Sun from undermining and destabilizing the open-source community by distributing infringing source code to the members of that community.  The open-source community depends upon its contributors to open-source only what they own.  Sun has violated this fundamental principle by open-sourcing source code that infringes NetApp's patents.  NetApp lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 4 of Sun's First Amended Complaint and, on that basis, denies them.

5.      NetApp denies the allegations of paragraph 5 of Sun's First Amended Complaint.

6.      NetApp denies the allegations of paragraph 6 of Sun's First Amended Complaint.

7.      NetApp lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7 of Sun's First Amended Complaint and, on that basis, denies them.

8.      NetApp admits the allegations of paragraph 8 of Sun's First Amended Complaint.

## JURISDICTION

9.      NetApp admits that this Court has subject matter jurisdiction over Sun's patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338.  Except as expressly admitted, NetApp denies the allegations of paragraph 9 of Sun's First Amended Complaint.

10.      NetApp admits the allegations of paragraph 10 of Sun's First Amended Complaint.

## VENUE

11.      NetApp admits that venue is proper in this district.  Except as expressly admitted, NetApp denies the allegations of paragraph 11 of Sun's First Amended Complaint.

1

**INTRADISTRICT ASSIGNMENT**

2       12.     NetApp admits the allegations of paragraph 12 of Sun's First Amended

3  Complaint.

4

**THE PATENTS**

5       13.     NetApp admits that United States Patent No. 5,124,987 is entitled "Logical

6  track write scheduling system for a parallel disk drive array data storage subsystem;" that it states

7  on its face that it was issued on June 23, 1992 to Charles A. Milligan and George A. Rudeseal;

8  and that a copy of the '987 patent was attached as Exhibit A to Sun's First Amended Complaint.

9  Except as expressly admitted, NetApp denies the allegations of paragraph 13 of Sun's First

10  Amended Complaint.

11      14.     NetApp admits that United States Patent No. 5,430,855 is entitled "Disk

12  drive array memory system using nonuniform disk drives," that it states on its face that it was

13  issued on July 4, 1995 to Robert Walsh, George A. Rudeseal, and Jay S. Belsan; and that a copy

14  of the '855 patent was attached as Exhibit B to Sun's First Amended Complaint.  Except as

15  expressly admitted, NetApp denies the allegations of paragraph 14 of Sun's First Amended

16  Complaint.

17      15.     NetApp admits that United States Patent No. 6,049,528 is entitled

18  "Trunking ethernet-compatible networks;" that it states on its face that it was issued on April 11,

19  2000 to Ariel Hendel, Leo A. Hejza, and Sampath H. K. Kumar; and that a copy of the '528

20  patent was attached as Exhibit C to Sun's First Amended Complaint.  Except as expressly

21  admitted, NetApp denies the allegations of paragraph 15 of Sun's First Amended Complaint.

22      16.     NetApp admits that United States Patent No. 6,421,787 is entitled "Highly

23  available cluster message passing facility;" that it states on its face that it was issued on July 16,

24  2002 (not September 3, 2002, as alleged) to Gregory L. Slaughter and Robert Herndon; and that a

25  copy of the '787 patent was attached as Exhibit D to Sun's First Amended Complaint.  Except as

26  expressly admitted, NetApp denies the allegations of paragraph 16 of Sun's First Amended

27  Complaint.

28      17.     NetApp admits that United States Patent No. 5,632,012 is entitled "Disk

scrubbing system;" that it states on its face that it was issued on May 20, 1997 to Jay S. Belsan, Alan R. Permut, and George A. Rudeseal; and that a copy of the '012 patent was attached as Exhibit E to Sun's First Amended Complaint.  Except as expressly admitted, NetApp denies the allegations of paragraph 17 of Sun's First Amended Complaint.

18.     NetApp admits that United States Patent No. 5,721,937 is entitled "Method and apparatus for reducing power consumption in a computer system by placing the CPU in a low power mode;" that it states on its face that it was issued on February 24, 1998 to Steven M. Kurihara and Mark W. Insley; and that a copy of the '937 patent was attached as Exhibit F to Sun's First Amended Complaint.  NetApp agrees to collectively refer to the '987, '855, '528, '787, '012 and '937 patents as the "Sun Patents-in-Suit."  Except as expressly admitted, NetApp denies the allegations of paragraph 18 of Sun's First Amended Complaint.

## FIRST CLAIM
### (Infringement of the '987 Patent)

19.     NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 18 of Sun's First Amended Complaint.

20.     NetApp denies the allegations of paragraph 20 of Sun's First Amended Complaint.

21.     NetApp denies the allegations of paragraph 21 of Sun's First Amended Complaint.

22.     NetApp admits that Sun asserted prior to this litigation that NetApp infringes the '987 patent.  Except as expressly admitted, NetApp denies the allegations of paragraph 22 of Sun's First Amended Complaint.

23.     NetApp denies the allegations of paragraph 23 of Sun's First Amended Complaint.

24.     NetApp denies the allegations of paragraph 24 of Sun's First Amended Complaint.

25.     NetApp admits that this case is exceptional within the meaning of 35 U.S.C. § 285.  NetApp is entitled to an award of attorneys' fees.  Except as expressly admitted,

1    NetApp denies the allegations of paragraph 25 of Sun's First Amended Complaint.

2                                    **SECOND CLAIM**
                              **(Infringement of the '855 Patent)**
3

4           26.     NetApp incorporates by reference its responses to the allegations of

5    paragraphs 1 through 18 of Sun's First Amended Complaint.

6           27.     NetApp denies the allegations of paragraph 27 of Sun's First Amended

7    Complaint.

8           28.     NetApp denies the allegations of paragraph 28 of Sun's First Amended

9    Complaint.

10          29.     NetApp denies the allegations of paragraph 29 of Sun's First Amended

11   Complaint.

12          30.     NetApp denies the allegations of paragraph 30 of Sun's First Amended

13   Complaint.

14          31.     NetApp denies the allegations of paragraph 31 of Sun's First Amended

15   Complaint.

16          32.     NetApp admits that this case is exceptional within the meaning of 35

17   U.S.C. § 285.  NetApp is entitled to an award of attorneys' fees.  Except as expressly admitted,

18   NetApp denies the allegations of paragraph 32 of Sun's First Amended Complaint.

19                                    **THIRD CLAIM**
                              **(Infringement of the '528 Patent)**
20

21          33.     NetApp incorporates by reference its responses to the allegations of

     paragraphs 1 through 18 of Sun's First Amended Complaint.
22

23          34.     NetApp denies the allegations of paragraph 34 of Sun's First Amended

24   Complaint.

25          35.     NetApp denies the allegations of paragraph 35 of Sun's First Amended

26   Complaint.

27          36.     NetApp denies the allegations of paragraph 36 of Sun's First Amended

28   Complaint.

            37.     NetApp denies the allegations of paragraph 37 of Sun's First Amended

1  Complaint.

2          38.    NetApp denies the allegations of paragraph 38 of Sun's First Amended

3  Complaint.

4          39.    NetApp admits that this case is exceptional within the meaning of 35

5  U.S.C. § 285.  NetApp is entitled to an award of attorneys' fees.  Except as expressly admitted,

6  NetApp denies the allegations of paragraph 39 of Sun's First Amended Complaint.

7                           **FOURTH CLAIM**
8                      **(Infringement of the '787 Patent)**

9          40.    NetApp incorporates by reference its responses to the allegations of

10  paragraphs 1 through 18 of Sun's First Amended Complaint.

11          41.    NetApp denies the allegations of paragraph 41 of Sun's First Amended

12  Complaint.

13          42.    NetApp denies the allegations of paragraph 42 of Sun's First Amended

14  Complaint.

15          43.    NetApp denies the allegations of paragraph 43 of Sun's First Amended

16  Complaint.

17          44.    NetApp denies the allegations of paragraph 44 of Sun's First Amended

18  Complaint.

19          45.    NetApp denies the allegations of paragraph 45 of Sun's First Amended

20  Complaint.

21          46.    NetApp admits that this case is exceptional within the meaning of 35

22  U.S.C. § 285.  NetApp is entitled to an award of attorneys' fees.  Except as expressly admitted,

23  NetApp denies the allegations of paragraph 46 of Sun's First Amended Complaint.

24                           **FIFTH CLAIM**
                         **(Infringement of the '012 Patent)**

25          47.    NetApp incorporates by reference its responses to the allegations of

26  paragraphs 1 through 18 of Sun's First Amended Complaint.

27          48.    NetApp denies the allegations of paragraph 48 of Sun's First Amended

28  Complaint.

49.    NetApp denies the allegations of paragraph 49 of Sun's First Amended Complaint.

50.    NetApp denies the allegations of paragraph 50 of Sun's First Amended Complaint.

51.    NetApp denies the allegations of paragraph 51 of Sun's First Amended Complaint.

52.    NetApp denies the allegations of paragraph 52 of Sun's First Amended Complaint.

53.    NetApp admits that this case is exceptional within the meaning of 35 U.S.C. § 285.  NetApp is entitled to an award of attorneys' fees.  Except as expressly admitted, NetApp denies the allegations of paragraph 53 of Sun's First Amended Complaint.

## SIXTH CLAIM
### (Infringement of the '937 Patent)

54.    NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 18 of Sun's First Amended Complaint.

55.    NetApp denies the allegations of paragraph 55 of Sun's First Amended Complaint.

56.    NetApp denies the allegations of paragraph 56 of Sun's First Amended Complaint.

57.    NetApp denies the allegations of paragraph 57 of Sun's First Amended Complaint.

58.    NetApp denies the allegations of paragraph 58 of Sun's First Amended Complaint.

59.    NetApp denies the allegations of paragraph 59 of Sun's First Amended Complaint.

60.    NetApp admits that this case is exceptional within the meaning of 35 U.S.C. § 285.  NetApp is entitled to an award of attorneys' fees.  Except as expressly admitted, NetApp denies the allegations of paragraph 60 of Sun's First Amended Complaint.

1

2

## SEVENTH CLAIM
### (Unfair Competition under the Lanham Act)

3

4

61.     NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 18 of Sun's First Amended Complaint.

5

6

62.     NetApp denies the allegations of paragraph 62 of Sun's First Amended Complaint.

7

8

63.     NetApp denies the allegations of paragraph 63 of Sun's First Amended Complaint.

9

10

64.     NetApp denies the allegations of paragraph 64 of Sun's First Amended Complaint.

11

12

65.     NetApp denies the allegations of paragraph 65 of Sun's First Amended Complaint.

13

14

66.     NetApp denies the allegations of paragraph 66 of Sun's First Amended Complaint.

15

16

67.     NetApp denies the allegations of paragraph 67 of Sun's First Amended Complaint.

## EIGHTH CLAIM
### (Unfair Competition)

17

18

19

68.     NetApp incorporates by reference its responses to the allegations of paragraphs 1 through 18 and 61 through 67 of Sun's First Amended Complaint.

20

21

69.     NetApp denies the allegations of paragraph 69 of Sun's First Amended Complaint.

22

23

70.     NetApp denies the allegations of paragraph 70 of Sun's First Amended Complaint.

24

25

71.     NetApp denies the allegations of paragraph 71 of Sun's First Amended Complaint.

26

27

72.     NetApp denies the allegations of paragraph 72 of Sun's First Amended Complaint.

28

73.     NetApp denies the allegations of paragraph 73 of Sun's First Amended

1    Complaint.

2        74.    NetApp denies the allegations of paragraph 74 of Sun's First Amended

3    Complaint.

4    ## NETAPP'S RESPONSE TO SUN'S PRAYER FOR RELIEF

5        75.    NetApp denies that Sun is entitled to any of the relief sought in its prayer

6    for relief against NetApp, its agents, employees, representatives, successors and assigns, and

7    those acting in privity or concert with NetApp.  NetApp has not infringed, and is not infringing,

8    either directly or indirectly under section 271, any valid claim of any Sun Patents-in-Suit, either

9    literally or under the doctrine of equivalents.  Moreover, the Sun Patents-in-Suit are invalid

10   and/or unenforceable.  In addition, NetApp has not engaged in unfair competition in violation of

11   the Lanham Act and the California Business and Professions Code.  Sun is not entitled to recover

12   damages, injunctive relief, costs, fees, interest, or any other type of recovery from NetApp.  Sun's

13   prayer should, therefore, be denied in its entirety and with prejudice, and Sun should take nothing.

14   NetApp asks that judgment be entered for NetApp and that this action be found to be an

15   exceptional case entitling NetApp to be awarded attorneys' fees in defending against Sun's

16   Complaint, together with such other and further relief the Court deems appropriate.

17   ## AFFIRMATIVE DEFENSES

18   ### FIRST AFFIRMATIVE DEFENSE
19   ### (Failure to state a claim)

20       One or more of Sun's claims fails to state a claim upon which relief can be

21   granted.

22   ### SECOND AFFIRMATIVE DEFENSE
     ### (Invalidity)

23
24       NetApp alleges on information and belief that one or more claims of each of the

25   Sun Patents-in-Suit is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101

     et seq., including without limitation those of sections 102, 103, and/or 112.

26
27   ### THIRD AFFIRMATIVE DEFENSE
     ### (Unenforceability – Inequitable Conduct)

28       On information and belief, certain Sun Patents-in-Suit are unenforceable under the

doctrine of inequitable conduct, as follows:

### '528 Patent

On information and belief, prior to the issuance of the '528 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '528 patent (collectively, "the '528 applicants") were aware of information material to the patentability of the claims of the '528 patent, but withheld, concealed and/or mischaracterized that information with the intent to deceive the U.S. Patent and Trademark Office.  The withheld information includes, but is not limited to, Kalpana EtherChannel technology, certain IEEE 802.3 presentations and materials ("the 802.3 documents"), U.S. Patent 5,608,733 ("the '733 patent") and George E. Conant, "Multilink PPP: One Big Virtual WAN Pipe," *Data Communications*, vol. 24, No. 13, September 21, 1995, pages 85-88, 90 ("the Multilink article").

Upon information and belief, one or more of the '528 applicants knew about the prior art Kalpana EtherChannel technology before the '528 patent issued.  EtherChannel technology was invented by Kalpana in the early 1990s and Kalpana's EtherSwitch (which incorporated the EtherChannel technology) was well known in the network industry, and was in fact ranked by Network Computing online magazine as "The 10 Most Important Products of the Decade."  *See* http://www.networkcomputing.com/1119/1119f1products_5.html.

One or more of the '528 applicants knew about the 802.3 documents before the '528 patent issued because Mr. Howard Frazier, co-worker of the '528 applicants (Mr. Frazier was listed as co-inventor on U.S. Patent Nos. 6,591,303 and 6,246,680 with the '528 applicants), was chairman of the IEEE's 802.3z committee.  In this role, Mr. Frazier presided over 802.3z meetings prior to the filing of the '528 patent, during which presentations material to the patentability of the '528 patent were given, including, without limitation, the following tutorials: http://grouper.ieee.org/groups/802/3/z/public/presentations/sep1996/BHgutp_a.pdf, and http://www.ieee802.org/3/z/public/presentations/nov1996/BHgutp_c.pdf.

One or more of the '528 applicants knew about the '733 patent before the '528 patent issued, because it was cited in co-pending patent applications by the same inventors, including without limitation the application that led to U.S. Patent No. 6,873,630, which Sun

1   asserts in its Counterclaims in a parallel case, 3:07-CV-06053-EDL.

2           One or more of the '528 applicants knew about the Multilink article before the

3   '528 patent issued, because it was cited in the co-pending patent applications by the same

4   inventors, including without limitation the application that led to U.S. Patent No. 6,591,303,

5   which Sun asserts in its Counterclaims in a parallel case, 3:07-CV-06053-EDL.

6           These references were highly material to the patentability of the claims of the '528

7   patent, but were not disclosed to the U.S. Patent and Trademark Office during prosecution of the

8   '528 patent.  On information and belief, the '528 applicants withheld these references from the

9   U.S. Patent and Trademark Office with the intent to deceive that Office.

10          ***'787 Patent***

11          On information and belief, prior to the issuance of the '787 patent, the named

12  inventors and/or others substantively involved in prosecuting the applications leading to the '787

13  patent (collectively, "the '787 applicants") were aware of information material to the patentability

14  of the claims of the '787 patent, but withheld, concealed and/or mischaracterized that information

15  with the intent to deceive the U.S. Patent and Trademark Office.  The withheld information

16  includes, but is not limited to, Kalpana EtherChannel technology and U.S. Patent No. 5,608,733

17  ("the '733 patent").

18          Upon information and belief, one or more of the '787 applicants knew about the

19  prior art Kalpana EtherChannel technology before the '787 patent issued.    EtherChannel

20  technology was invented by Kalpana in the early 1990s and Kalpana's EtherSwitch (which

21  incorporated the EtherChannel technology) was well known in the network industry, and was in

22  fact ranked by Network Computing online magazine as "The 10 Most Important Products of the

23  Decade."  *See* http://www.networkcomputing.com/1119/1119f1products_5.html.

24          One or more of the '787 applicants knew about the '733 patent before the '787

25  patent issued, because it was cited in the co-pending patent applications by Sun, including

26  without limitation the application that led to U.S. Patent No. 6,873,630, which Sun asserts in its

27  Counterclaims in a parallel case, 3:07-CV-06053-EDL.

28          These references were highly material to the patentability of the claims of the '787

patent, but were not disclosed to the U.S. Patent and Trademark Office during prosecution of the '787 patent. On information and belief, the '787 applicants withheld these references from the U.S. Patent and Trademark Office with the intent to deceive that Office.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

On information and belief, the relief that Sun seeks in its Complaint is barred in whole or in part by the doctrine of laches. On information and belief, Sun and/or its predecessors in interest ("Sun") were aware of NetApp's products or were in possession of such facts and information as would lead a person of reasonable diligence to discover them, as early as 1995. Sun's unreasonable and inexcusable delay in filing suit has resulted in prejudice and injury to NetApp.

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

On information and belief, one or more of the Sun Patents-In-Suit is unenforceable by reason of equitable estoppel. For example, Sun should be estopped from asserting the '528 patent because at least one of the named inventors, Ariel Hendel, participated in IEEE standard-setting activities related to the subject matter of the '528 patent, but failed to advise the IEEE members of the existence and content of the specific application that led to the '528 patent, which was then pending.

### SIXTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

On information and belief, one or more of the Sun Patents-In-Suit is unenforceable under the doctrine of patent misuse.

### COUNTERCLAIMS

NetApp, for its Counterclaims against Sun, alleges as follows:

### THE PARTIES AND THE NATURE OF THIS ACTION

1.    NetApp incorporates by reference paragraphs 1-18 of its Answer and its Affirmative Defenses as though set forth fully herein.

2.    Defendant Sun uses NetApp's patented inventions in its data processing

systems and related software, primarily Sun's Zettabyte File System ("ZFS"), without authorization from NetApp and thus directly infringes United States Patent Nos. 6,574,591, 6,868,417, 7,107,385, 7,130,873, and 7,313,720, collectively referred to as the "NetApp Patents-in-Suit." Defendant Sun actively induces infringement and contributes to the infringement by others of NetApp's patents by urging and enabling others to adopt and distribute infringing technology in their products, and by distributing ZFS in or for data processing systems.

3.    Sun unfairly distributes ZFS technology to others to induce others to adopt and distribute the infringing technology in their products without informing them of NetApp's applicable patents.

4.    NetApp brings these counterclaims to halt Sun's willful infringement of its rights under the patent laws of the United States (Title 35, United States Code, section 271 et seq.). NetApp seeks damages for Sun's infringement and an injunction restraining Sun from continuing to use NetApp's patented inventions without permission.

### JURISDICTION AND VENUE

5.    NetApp is a Delaware corporation with its principal place of business at 495 E. Java Drive, Sunnyvale, California 94089.

6.    Upon information and belief, Sun is a Delaware corporation with a principal place of business at 4150 Network Circle, Santa Clara, CA 95054.

7.    This Court has personal jurisdiction over Sun because it maintains its principal place of business within the Northern District of California and it has committed acts of patent infringement within the State of California by making, using, selling, offering to sell, and/or importing products that are covered by NetApp's patents.

8.    This Court has subject matter jurisdiction over NetApp's patent infringement and Lanham Act counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

9.    This Court has subject matter jurisdiction over NetApp's declaratory judgment counterclaims under 28 U.S.C. §§ 2201 and 2202. There is an actual controversy between NetApp and Sun regarding U.S. Patent Nos. 5,124,987 ("the '987 patent"), 5,430,855 ("the '855 patent"), 6,049,528 ("the '528 patent"), 6,421,787 ("the '787 patent"), 5,632,012 ("the

'012 patent"), and 5,721,937 ("the '937 patent") (collectively, "the Sun Patents-in-Suit") because Sun asserted in its First Amended Complaint that NetApp infringes the Sun Patents-in-Suit.

10.     An actual and justiciable controversy exists between NetApp and Sun as to whether the Sun Patents-in-Suit are infringed, valid, and enforceable against NetApp.  Absent a declaration of non-infringement, invalidity, or unenforceability, Sun will continue to wrongfully assert the Sun Patents-in-Suit against NetApp, and thereby cause NetApp irreparable injury and damage.

11.     This Court has subject matter jurisdiction over NetApp's California Business & Professions Code § 17200 counterclaim under 28 U.S.C. §§ 1367.

12.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## FIRST COUNTERCLAIM
### (Infringement of the '591 Patent)

13.     NetApp incorporates by reference the allegations of paragraphs 1 through 18 of its Answer and paragraphs 1 through 12 of these Counterclaims.

14.     NetApp is the owner of U.S. Patent No. 6,574,591 ("the '591 patent"), entitled "File Systems Image Transfer Between Dissimilar File Systems."  The '591 patent was duly and legally issued on June 3, 2003.  A true and correct copy of the '591 patent is attached to these Counterclaims as Exhibit A.

15.     On information and belief, Sun has been and is currently infringing one or more claims of the '591 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or systems, including without limitation Sun's ZFS.

16.     Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '591 patent.

17.     Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp.  Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

18.     Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

19.     This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## SECOND COUNTERCLAIM
### (Infringement of the '417 Patent)

20.     NetApp incorporates by reference the allegations of paragraphs 1 through 18 of its Answer and paragraphs 1 through 12 of these Counterclaims.

21.     NetApp is the owner of U.S. Patent No. 6,868,417 ("the '417 patent"), entitled "Mechanism For Handling File Level And Block Level Remote File Accesses Using The Same Server."  The '417 patent was duly and legally issued on March 15, 2005.  A true and correct copy of the '417 patent is attached to these Counterclaims as Exhibit B.

22.     On information and belief, Sun has been and is currently infringing one or more claims of the '417 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or systems, including without limitation Sun's ZFS.

23.     Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '417 patent.

24.     Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp.  Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

25.     Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

26.     This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## THIRD COUNTERCLAIM
### (Infringement of the '385 Patent)

27.     NetApp incorporates by reference the allegations of paragraphs 1 through 18 of its Answer and paragraphs 1 through 12 of these Counterclaims.

28.    NetApp is the owner of U.S. Patent No. 7,107,385 ("the '385 patent"), entitled "Storage Virtualization By Layering Virtual Disk Objects On A File System." The '385 patent was duly and legally issued on September 12, 2006. A true and correct copy of the '385 patent is attached to these Counterclaims as Exhibit C.

29.    On information and belief, Sun has been and is currently infringing one or more claims of the '385 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or systems, including without limitation Sun's ZFS.

30.    Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '385 patent.

31.    Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp. Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

32.    Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

33.    This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## FOURTH COUNTERCLAIM
### (Infringement of the '873 Patent)

34.    NetApp incorporates by reference the allegations of paragraphs 1 through 18 of its Answer and paragraphs 1 through 12 of these Counterclaims.

35.    NetApp is the owner of U.S. Patent No. 7,130,873 ("the '873 patent"), entitled "File System Image Transfer Between Dissimilar File Systems." The '873 patent was duly and legally issued on October 31, 2006. A true and correct copy of the '873 patent is attached to these Counterclaims as Exhibit D.

36.    On information and belief, Sun has been and is currently infringing one or more claims of the '873 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in

connection with certain of its products, services, methods and/or systems, including without limitation Sun's ZFS.

37.     Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '873 patent.

38.     Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp.  Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

39.     Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

40.     This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## FIFTH COUNTERCLAIM
### (Infringement of the '720 Patent)

41.     NetApp incorporates by reference the allegations of paragraphs 1 through 18 of its Answer and paragraphs 1 through 12 of these Counterclaims.

42.     NetApp is the owner of U.S. Patent No. 7,313,720 ("the '720 patent"), entitled "Technique for Increasing the Number of Persistent Consistency Point Images in a File System."  The '720 patent was duly and legally issued on December 25, 2007.  A true and correct copy of the '720 patent is attached to these Counterclaims as Exhibit E.

43.     On information and belief, Sun has been and is currently infringing one or more claims of the '720 patent, directly and/or indirectly, pursuant to 35 U.S.C. § 271, in connection with certain of its products, services, methods and/or systems, including without limitation Sun's ZFS.

44.     Unless enjoined, Sun will continue to infringe, directly and/or indirectly under section 271, the '720 patent.

45.     Sun's conduct has caused, and unless enjoined will continue to cause, irreparable harm to NetApp.  Pursuant to 35 U.S.C. § 283, NetApp is entitled to a permanent injunction against further infringement.

46.     Pursuant to 35 U.S.C. § 284, NetApp is entitled to damages for Sun's infringement.

47.     This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

### SIXTH COUNTERCLAIM
**(Unfair Competition under the Lanham Act)**

48.     NetApp incorporates by reference the allegations of paragraphs 1 through 18 of its Answer and paragraphs 1 through 12 of these Counterclaims.

49.     Sun has disparaged NetApp by misrepresenting the nature, character and qualities of NetApp and its products to customers and prospective customers of NetApp.  On September 6, 2007, and continually thereafter, Sun and Jonathan Schwartz (Sun's Chief Executive Officer and President) posted and maintained on Sun's website blog entries containing false statements, hyperbole, exaggeration, and mischaracterization that falsely accuse NetApp of (1) attempting to stifle the open source community, (2) acting like a "patent troll," (3) asserting meritless patents and (4) infringing Sun's patents.  These allegations are baseless.  As noted above, one objective of NetApp's initial suit against Sun and its counterclaims here is to prevent **Sun** from undermining and destabilizing the open-source community by distributing infringing source code to the members of that community.  Mr. Schwartz also suggested in his blog entries that all NetApp products will be removed from the market owing to their alleged infringement of Sun patents and openly encouraged NetApp's customers and potential customers to purchase Sun's products instead.  Likewise, on October 25, 2007, and continually thereafter, Sun and Michael Dillon (Sun's General Counsel), posted and maintained similar blog entries on Sun's website.  The placement of these statements on Internet websites by Sun, Mr. Schwartz, and Mr. Dillon caused the statements to enter interstate commerce.  Sun's, Mr. Schwartz's, and Mr. Dillon's statements include the following:

a.     On October 24, 2007, and continuing daily since this time, Sun and Jonathan Schwartz, CEO and President of Sun, remarked in an blog entry that Sun had "one of the largest patent arsenals on the internet, numbering more than 14,000 issued and pending

1    globally . . . touch[ing] nearly every aspect of network computing . . . ."  The blog entry further

2    characterized Sun's patent portfolio as a "huge array of patents across storage systems and

3    software – to which Network Appliance has decided to expose" itself.

4          b.     In the same blog entry, Sun and Mr. Schwartz confirmed that Sun was

5    attempting to "remove all of [NetApp's] products from the marketplace . . . ." by asserting in

6    litigation that NetApp infringes Sun's patents.

7          c.     In the same October 24, 2007 blog entry, Sun and Mr. Schwartz remarked

8    that this litigation would "disrupt[] [NetApp] customers . . . across the world."  Sun and Mr.

9    Schwartz then suggested that current NetApp customers switch to the Sun ZFS product, noting on

10   two occasions that Sun would indemnify them from any potential liability arising from

11   infringement of NetApp patents.

12         d.     In the same October 24, 2007 blog entry, Sun and Mr. Schwartz remarked

13   that Sun "always protected [its] markets from trolls . . . ."

14         e.     In a September 6, 2007 blog entry, Sun and Mr. Schwartz remarked that

15   Sun uses its patents "to protect communities, and indemnify customers . . . ."  Sun and Mr.

16   Schwartz further "thanked" NetApp for initiating litigation so that customers could be made

17   aware of the "absolutely shocking" savings that Sun products allegedly offer.

18         f.     In the same September 6, 2007 blog entry, Sun and Mr. Schwartz remarked

19   that "Sun did not approach NetApps about licensing any of Sun's patents and never filed

20   complaints against NetApps or demanded anything."  This statement is plainly false.  Sun

21   repeatedly demanded that NetApp pay fees to license Sun's patents.  For example, in an email

22   dated December 14, 2006, Sun demanded that NetApp pay Sun $36.548M in exchange for a disk-

23   storage patent cross-license.

24         g.     On October 25, 2007, and continuing daily since this time, Sun and

25   Michael Dillon, General Counsel, Executive Vice President and Corporate Secretary of Sun,

26   remarked in a blog entry that Sun had brought "claims against the entirety of [NetApp's] product

27   line."

28

h.    On information and belief, Mr. Dillon played a significant role in determining the timing and content of Mr. Schwartz's blog entries described above.

i.    On October 25, 2007, Sun alleged in its Answer to NetApp's complaint for patent infringement in the Eastern District of Texas that NetApp infringed the '639, '667, '857, '095, '662, '106, '954, '984, '303, '261, '630, and '343 patents.  Sun asserts that it holds all rights, title, and interest in the patents asserted in its Counterclaims.

j.    On October 29, 2007, Sun brought and maintained this action alleging that NetApp infringes the '987, '855, '528, '219, '012, and '937 patents.  On November 2, 2007, Sun filed a First Amended Complaint alleging that NetApp infringes the '987, '855, '528, '787, '012, and '937 patents.  Sun asserts that it holds all rights, title, and interest in the patents asserted in its Complaint and First Amended Complaint.

k.    NetApp is informed and believes and thereon alleges that Sun's claims of patent infringement were asserted in bad faith and that no litigant could reasonably expect success on the merits.   On information and belief, Sun knew, and now knows, that Sun has indiscriminately asserted patents encompassing subject matter unrelated to NetApp's business, that NetApp has never utilized in any way, and that is not included in NetApp products.

50.    NetApp products travel in interstate commerce.

51.    Sun's acts and conduct constitute unfair competition under section 43(a) of the Lanham Act (15 U.S.C. § 1125).  Sun's false and misleading statements have caused actual deception or have a tendency to deceive and are likely to influence the decisions of NetApp's customers and prospective customers and, upon information and belief, were intended by Sun to dissuade NetApp's customers and potential customers from purchasing NetApp's products, and to influence such individuals to purchase Sun's products instead.

52.    Upon information and belief, Sun, Mr. Schwartz and Mr. Dillon engaged in such acts and conduct in bad faith, with knowledge of the falsity of the aforementioned factual representations.

53.    As a foreseeable, direct, and proximate result of Sun's actions, NetAppp has been and is likely to be injured by possible lost sales, reduced business good will and/or

1   expenditures made in an attempt to counteract the negative effect of the disparagement.

2   Moreover, Sun's acts have resulted and will continue to result in irreparable injury to NetApp

3   such that NetApp does not have an adequate remedy at law.  Because of the far-reaching and

4   irreparable injury, injunctive relieve is thus necessary to restrain further unlawful acts by Sun.

5           54.    Unless enjoined by the Court, Sun will continue to compete unfairly with

6   NetApp.  This threat of future injury to NetApp's reputation and goodwill requires injunctive

7   relief to prevent Sun's continued unfair competition and to mitigate NetApp's injuries.

8                               **SEVENTH COUNTERCLAIM**

9           **(Unfair Competition under California Business & Professions Code § 17200 et seq.)**

10          55.    NetApp incorporates by reference the allegations of paragraphs 1 through

11  18 of its Answer and paragraphs 1 through 12 and 42 through 47 of these Counterclaims.

12          56.    Sun has committed acts of unfair competition, as defined by the Business

13  and Professions Code § 17200 et seq., including those of § 17200, by engaging in unlawful,

14  unfair or fraudulent business practices including, but not limited to, those described in paragraph

15  42 above.

16          57.    These acts and practices are unfair within the meaning of § 17200 because

17  the acts and practices threaten an incipient violation of law, violate the policy and spirit of one of

18  those laws, and significantly threaten or harm competition.  Specifically, Sun's conduct is

19  unlawful in that it constitutes defamation, trade libel and/or product disparagement.  Sun's

20  conduct is unfair because it significantly threatens and harms competition.  Further, the harm to

21  NetApp caused by these acts outweigh any utility of Sun's practices.

22          58.    Upon information and belief, Sun engaged in the aforementioned conduct

23  in bad faith with knowledge of the falsity of the representations of fact.

24          59.    As a foreseeable, direct, and proximate result of Sun's unlawful, unfair or

25  fraudulent practices, competition with the relevant market has been compromised and NetApp has

26  suffered and will suffer substantial damages.  For example, such acts have deceived or are likely

27  to deceive NetApp's customers or prospective customers into believing that NetApp's products

28

1    infringe Sun's patents or that NetApp is attacking the open source community, thereby dissuading

2    customers and prospective customers from purchasing or using NetApp's products.

3          60.    Sun's unlawful acts have injured and threaten to continue to injure NetApp,

4    including possible loss of sales, dilution of goodwill and injury to NetApp's reputation in an

5    amount yet to be determined at trial.  In addition, NetApp has incurred and will continue to incur

6    attorneys' fees and costs in defending itself in the present action.

7          61.    NetApp has no adequate remedy at law.

8          62.    Unless enjoined by the Court, Sun will continue its unlawful, unfair or

9    fraudulent business practices to the irreparable damage and injury of NetApp.

10                        **EIGHTH COUNTERCLAIM**
11                   **(Declaratory Judgment Re: the '987 Patent)**

12         63.    NetApp incorporates by reference the allegations of paragraphs 1 through

13   18 of its Answer and paragraphs 1 through 12 of these Counterclaims.

14         64.    Sun alleges in paragraph 13 of its First Amended Complaint that it is the

15   assignee of the '987 patent, entitled "Logical track write scheduling system for a parallel disk

16   drive array data storage subsystem."

17         65.    Sun has asserted that NetApp infringes the '987 patent.

18         66.    NetApp has not infringed, and is not infringing, either directly or indirectly

19   under section 271, any valid claim of the '987 patent, either literally or under the doctrine of

20   equivalents.

21         67.    One or more claims of the '987 patent is invalid for failure to meet the

22   conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of

23   sections 102, 103, and/or 112.

24         68.    The '987 patent is unenforceable for at least the reasons alleged in

25   NetApp's affirmative defenses, which are incorporated herein by reference.

26         69.    This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is

27   entitled to an award of attorneys' fees.

28

**NINTH COUNTERCLAIM**
**(Declaratory Judgment Re: the '855 Patent)**

70.    NetApp incorporates by reference the allegations of paragraphs 1 through 18 of its Answer and paragraphs 1 through 12 of these Counterclaims.

71.    Sun alleges in paragraph 14 of its First Amended Complaint that it is the assignee of the '855 patent, entitled "Disk drive array memory system using nonuniform disk drives."

72.    Sun has asserted that NetApp infringes the '855 patent.

73.    NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any valid claim of the '855 patent, either literally or under the doctrine of equivalents.

74.    One or more claims of the '855 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and/or 112.

75.    The '855 patent is unenforceable for at least the reasons alleged in NetApp's affirmative defenses, which are incorporated herein by reference.

76.    This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

**TENTH COUNTERCLAIM**
**(Declaratory Judgment Re: the '528 Patent)**

77.    NetApp incorporates by reference the allegations of paragraphs 1 through 18 of its Answer and paragraphs 1 through 12 of these Counterclaims.

78.    Sun alleges in paragraph 15 of its First Amended Complaint that it is the assignee of the '528 patent, entitled "Trunking ethernet-compatible networks."

79.    Sun has asserted that NetApp infringes the '528 patent.

80.    NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any valid claim of the '528 patent, either literally or under the doctrine of equivalents.

81.    One or more claims of the '528 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and/or 112.

82.    The '528 patent is unenforceable for at least the reasons alleged in NetApp's affirmative defenses, which are incorporated herein by reference.

83.    This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

**ELEVENTH COUNTERCLAIM**
**(Declaratory Judgment Re: the '787 Patent)**

84.    NetApp incorporates by reference the allegations of paragraphs 1 through 18 of its Answer and paragraphs 1 through 12 of these Counterclaims.

85.    Sun alleges in paragraph 16 of its First Amended Complaint that it is the assignee of the '787 patent, entitled "Highly available cluster message passing facility."

86.    Sun has asserted that NetApp infringes the '787 patent.

87.    NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any valid claim of the '787 patent, either literally or under the doctrine of equivalents.

88.    One or more claims of the '787 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and/or 112.

89.    The '787 patent is unenforceable for at least the reasons alleged in NetApp's affirmative defenses, which are incorporated herein by reference.

90.    This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

**TWELFTH COUNTERCLAIM**
**(Declaratory Judgment Re: the '012 Patent)**

91.    NetApp incorporates by reference the allegations of paragraphs 1 through 18 of its Answer and paragraphs 1 through 12 of these Counterclaims.

92.     Sun alleges in paragraph 17 of its First Amended Complaint that it is the assignee of the '012 patent, entitled "Disk scrubbing system."

93.     Sun has asserted that NetApp infringes the '012 patent.

94.     NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any valid claim of the '012 patent, either literally or under the doctrine of equivalents.

95.     One or more claims of the '012 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and/or 112.

96.     The '012 patent is unenforceable for at least the reasons alleged in NetApp's affirmative defenses, which are incorporated herein by reference.

97.     This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## THIRTEENTH COUNTERCLAIM
### (Declaratory Judgment Re: the '937 Patent)

98.     NetApp incorporates by reference the allegations of paragraphs 1 through 18 of its Answer and paragraphs 1 through 12 of these Counterclaims.

99.     Sun alleges in paragraph 18 of its First Amended Complaint that it is the assignee of the '937 patent, entitled "Method and apparatus for reducing power consumption in a computer system by placing the CPU in a low power mode."

100.    Sun has asserted that NetApp infringes the '937 patent.

101.    NetApp has not infringed, and is not infringing, either directly or indirectly under section 271, any valid claim of the '937 patent, either literally or under the doctrine of equivalents.

102.    One or more claims of the '937 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including without limitation those of sections 102, 103, and/or 112.

103.    The '937 patent is unenforceable for at least the reasons alleged in NetApp's affirmative defenses, which are incorporated herein by reference.

104.    This case is exceptional and, pursuant to 35 U.S.C. § 285, NetApp is entitled to an award of attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, NetApp respectfully requests the following relief:

A.    a judgment in favor of NetApp finding that Sun has infringed the '591, '417, '385, '873, and '720 patents;

B.    a permanent injunction enjoining Sun, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, from directly or indirectly infringing the '591, '417, '385, '873, and '720 patents, including the distribution of any current or future versions of Sun's ZFS;

C.    an accounting for damages resulting from Sun's infringement of the '591, '417, '385, '873, and '720 patents;

D.    an award of damages to compensate NetApp for Sun's infringement, pursuant to 35 U.S.C. § 284, said damages to be trebled because the infringement is and has been willful;

E.    an assessment of pre-judgment and post-judgment interest and costs against Sun, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

F.    a declaration that NetApp has not infringed and is not infringing, directly or indirectly, any claims of the '987, '855, '528, '787, '012, and '937 patents;

G.    a declaration that the claims of the '987, '855, '528, '787, '012, and '937 patents are invalid;

H.    a declaration that the '987, '855, '528, '787, '012, and '937 patents are unenforceable;

I.    a declaration that all Defendants and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against NetApp

1  claiming that the '987, '855, '528, '787, '012, and '937 patents are infringed, valid, or

2  enforceable, or from representing that NetApp's products or services, or that others' use thereof,

3  infringe the '987, '855, '528, '787, '012, and '937 patents;

4      J.    an award to NetApp of its attorneys' fees incurred in connection with this

5  lawsuit pursuant to 35 U.S.C.§ 285;

6      K.    an order enjoining Sun and its subsidiaries, officers, agents, servants,

7  employees, licensees and all other persons acting or attempting to act in active concert or

8  participation with it or acting on its behalf, from making false representations of fact regarding

9  NetApp and its products;

10     L.    damages in an amount yet to be ascertained to be proven at trial on

11 NetApp's Lanham Act counterclaim;

12     M.    restitution in an amount yet to be ascertained to be proven at trial on

13 NetApp's California Business and Professions Code counterclaim;

14     N.    attorneys' fees incurred in bringing counterclaims under the Lanham Act

15 and the California Business and Professions Code;

16     O.    costs incurred in bringing NetApp's counterclaims; and

17     P.    such other and further relief as this Court may deem just and proper.

18

19                              **JURY DEMAND**

20     Plaintiff respectfully requests a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on

21 all issues so triable.

22

23 Dated: February 19, 2008                WEIL, GOTSHAL & MANGES LLP

24

25

26                              By:    */s/ Edward R. Reines*
                                       Edward R. Reines
27                                     Attorney for Defendant-Counterclaim Plaintiff
                                       Network Appliance, Inc.
28