UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> NETWORK APPLIANCE, INC., <br><br> Defendant/Counterplaintiff. | CASE NO. 3:07-CV-05488 EDL <br><br> **[PROPOSED] PROTECTIVE ORDER** |

The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified upon proper application to this Court, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information," "Highly Confidential Information," and "Proprietary Source Code") is likely to be disclosed or produced during the course of discovery in this litigation by both parties and non-parties;

2. The parties and non-parties to this litigation may assert that public dissemination and disclosure of Confidential Information, Highly Confidential Information, or Proprietary Source Code could severely injure or damage the party or non-party disclosing or producing the Confidential Information, Highly Confidential Information, or Proprietary Source Code, and could place that party or non-party at a competitive disadvantage;

3. To protect the respective interests of the parties and non-parties, and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. This Protective Order shall apply to all information, documents, and/or things

DLA Piper US LLP
East Palo Alto

EM\7227666.1
347155-29

-1-

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

subject to discovery in this action ("Discovery Material") which contain proprietary, confidential and/or commercially sensitive information, as well as pleadings, testimony and other information, documents and/or things designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, and/or ATTORNEYS' EYES ONLY—SOURCE CODE. As used herein, "Producing Party" shall refer to any party, including the parties to this action and non-parties, who disclose and/or produce any Discovery Material in this action. "Receiving Party" shall refer to the parties to this action who receive Discovery Material from a Producing Party.

2. Documents, discovery responses, or testimony containing Confidential Information, Highly Confidential Information, or Proprietary Source Code disclosed or produced by any Producing Party in this litigation are referred to as "Protected Materials." Except as otherwise indicated below, all documents, discovery responses, or testimony designated by the Producing Party as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY—SOURCE CODE," and which are disclosed or produced to the attorneys for the other parties to this litigation, are Protected Materials and are entitled to confidential treatment as described below.

3. Protected Materials shall not include (a) materials that on their face show that they have been published to the general public, (b) documents that have been submitted to any governmental entity without request for confidential treatment, (c) source code distributed to the open source community, (d) information that the Receiving Party can demonstrate that it has derived independently without reference to the Protected Material, and (e) information that the Receiving Party can demonstrate was disclosed to the Receiving Party by a third party without breach of a confidentiality agreement.

4. Protected Materials and any information contained therein shall be used solely for the purpose of this litigation and shall not be used for any other purpose other than as set forth in paragraph 6(a).

5. At any time after the delivery of Protected Materials, counsel for the Receiving Party or Parties may challenge the confidentiality designation of all or any portion of the Protected Materials by providing written notice thereof to counsel for the Producing Party. The

DLA PIPER US LLP
EAST PALO ALTO

EM\7227666.1
347155-29

-2-

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation. A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within ten (10) days after delivery of the written notice that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant complied with the meet-and-confer requirements set forth above, and that sets forth with specificity the justification for the confidentiality designation that was given by the Producing Party in the meet and confer process. The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation

6. **Confidential Treatment.** Protected Materials and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for in this Order.

    a. The Parties agree that all documents produced in this action will be deemed produced in the *Network Appliance, Inc. v. Sun Microsystems, Inc.*, Case No. C-07-6053 EDL ("the C-07-6053 Case"). The parties further agree that all documents produced by a party in the C-07-6053 Case will be deemed produced in this action. The parties further agree that any such document so deemed can be used for all purposes in either action, subject to the limitations imposed by the respective Protective Orders.

7. "Confidential Information" as used herein refers to information that has not been made public, the disclosure of which the Producing Party contends could cause harm to the business operations of the disclosing party or provide improper advantage to others, including, but not limited to, trade secrets within the meaning of the Uniform Trade Secrets Act and information that concerns or relates to (i) sales or marketing, (ii) financial performance, (iii)

-3-

manufacturing or other costs of doing business, (iv) license or other confidential agreements, (v) design, manufacturing or research and development, or (vi) technical characteristics of products or manufacturing processes. Any document that contains Confidential Information should be so designated by the Producing Party at the time of disclosure by placing the notation "CONFIDENTIAL" on every page of each document so designated. In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium and its container, if any, so as to clearly give notice of the designation.

8. Documents marked CONFIDENTIAL, and any information contained therein, shall be disclosed only to the following persons:

(a) Outside counsel of record in this action for the party or parties receiving Protected Materials or any information contained therein;

(b) Employees of outside counsel of record assigned to and necessary to assist such counsel in this action;

(c) Three employees of the Receiving Party identified in writing to the Producing Party;

(d) Outside technical or litigation consultants and experts, including their support and clerical personnel, who are engaged by the party or parties receiving Protected Materials for the purposes of this litigation and who are designated by each party respectively pursuant to paragraph 14 below;

(e) Outside vendors that provide photocopying, document processing, translation or graphics services to outside counsel to assist such counsel in the preparation and trial of this action;

(f) The Court, jury, and court personnel; and

(g) Any other person with the prior written consent of the Producing Party.

9. "Highly Confidential Information" as used herein refers to information that has not been made public, the disclosure of which to employees of the Receiving Party the Producing Party contends could cause harm to the business operations of the disclosing party or provide

-4-

DLA PIPER US LLP
EAST PALO ALTO

EM\7227666.1
347155-29

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

improper advantage to others, including, but not limited to, trade secrets within the meaning of the Uniform Trade Secrets Act and information that concerns or relates to (i) design, manufacturing or research and development, or (ii) technical characteristics of products or manufacturing processes. Any document that contains Highly Confidential Information should be so designated by the Producing Party at the time of disclosure by placing the notation "ATTORNEYS' EYES ONLY" on every page of each document so designated. In the case of Highly Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the notation "ATTORNEYS' EYES ONLY" shall be affixed to the outside of the medium and its container, if any, so as to clearly give notice of the designation.

10.     Documents marked "ATTORNEYS' EYES ONLY," and any information contained therein, shall be disclosed only to the following persons:

(a) Outside counsel of record in this action for the party or parties receiving Protected Materials or any information contained therein;

(b) Employees of outside counsel of record assigned to and necessary to assist such counsel in this action;

(c) One in-house counsel of the Receiving Party, approved by the Producing Party, who is not involved in patent prosecution or patent licensing activities, who is not otherwise involved in "competitive decision making" as that term is used in the *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465 (Fed. Cir. 1984) line of cases, and who agrees to be bound by the terms of the Protective Order by executing Exhibit A;

(d) Outside technical or litigation consultants and experts, including their support and clerical personnel, who are engaged by the party or parties receiving Protected Materials for the purposes of this litigation and who are designated by each party respectively pursuant to paragraph 14 below;

(e) Outside vendors that provide photocopying, document processing, translation or graphics services to outside counsel to assist such counsel in the preparation and trial of this action;

(f) The Court, jury, and court personnel; and

DLA PIPER US LLP
EAST PALO ALTO
EM\7227666.1
347155-29
-5-
[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

(g) Any other person with the prior written consent of the Producing Party.

11. The Producing Party may designate Discovery Material as "ATTORNEYS' EYES ONLY—SOURCE CODE" if it comprises or includes confidential, proprietary and/or trade secret source code ("Proprietary Source Code"). As used herein, the term "source code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator. Nothing in this Order shall obligate the parties to produce any source code or act as an admission that any particular source code is discoverable. However, if Discovery Material designated as ATTORNEYS' EYES ONLY—SOURCE CODE is produced, it shall be subject to the following provisions:

(a) Any source code that is produced shall be made available for inspection in electronic format at the Silicon Valley office of Weil, Gotshal & Manges LLP where Producing Party is Network Appliance, Inc., and at the Silicon Valley office of DLA Piper US LLP where Producing Party is Sun Microsystems, Inc., seven days a week without restriction on the number or timing of inspections. Between the hours of 8 a.m. and 6 p.m., the Receiving Party shall provide 30 minutes notice of the inspection; between the hours of 6 p.m. and 10 p.m., the Receiving Party shall provide 1 hour notice of the inspection; between the hours of 10 p.m. and 8 a.m, the Receiving Party shall provide 2 hours notice of the inspection. All notices of inspection of NetApp source code shall be made to Jose Gutierrez (or another person designated subsequently in writing) via email and telephone, with an email copy to Jeffrey Homrig; all notices of inspection of Sun source code shall be made to Laurie Ouchida (or another person designated subsequently in writing) via email and telephone, with an email copy to Carrie Williamson;

(b) The source code will be made available during the inspection by the Producing Party to the Receiving Party's outside counsel, consultants or experts in a private room on a non-networked computer ("the Source Code Computer") attached to a stand-alone printer and without interference from the Producing Party or its counsel. A paralegal employed by outside counsel for the Producing Party shall be present in the room at all times during the inspection. The source code will be made available in the format in which it is kept in the ordinary course of

-6-

DLA PIPER US LLP
EAST PALO ALTO

EM\7227666.1
347155-29

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

business. During the inspection, the Receiving Party may print one copy of such portions of the source code as it deems in good faith to be necessary. This copy shall be provided to the paralegal observing the inspection, who will immediately label the copy with Bates numbers and the "Attorneys' Eyes Only – Source Code" designation and return the copy to the Receiving Party while the Receiving Party is on site. Except as described above, the Receiving Party shall not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment. The Receiving Party shall not transmit any source code in any way from the Producing Party's office of its outside counsel of record; (c) The Receiving Party's outside counsel of record and designated consultant or expert shall maintain and store the paper copy of the source code produced under paragraph 11(a) above at their offices in a manner that prevents duplication of, transmittal from, or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use, and shall return each paper copy of the source code produced under paragraph 11(a) to the Producing Party at the conclusion of this action.

(d) The Receiving Party shall not create electronic images of the source code from the paper copy for use on a computer (e.g., shall not scan the source code to a PDF) and shall not reproduce the source code in any way (e.g. shall not re-type the source code into a word processing document or email). This paragraph 11(d) notwithstanding, the Receiving Party's outside counsel of record may make no more than two (2) paper copies of the source code provided by the Producing Party under paragraph 11(a). These copies shall be stored in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use, and shall be returned to the Producing Party at the conclusion of this action.

(e) The Receiving Party's outside counsel may disclose the copies of the source code produced or created under paragraphs 11(a) and 11(d) only to individuals specified in paragraph 12 below.

12. Discovery Material designated as "ATTORNEYS' EYES ONLY—SOURCE

DLA PIPER US LLP
EAST PALO ALTO

EM\7227666.1
347155-29

-7-

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

CODE " may only be disclosed to:

(a) Outside counsel of record in this action for the party or parties receiving Protected Materials or any information contained therein;

(b) Employees of outside counsel of record assigned to and necessary to assist such counsel in the preparation and trial of this action;

(c) Outside technical or litigation consultants and experts, including their support and clerical personnel, who are engaged by the party or parties receiving Protected Materials for the purposes of this litigation and who are designated by each party respectively pursuant to paragraph 14 below;

(d) Outside vendors that provide photocopying, document processing, translation or graphics services to outside counsel to assist such counsel in the preparation and trial of this action;

(e) The Court, jury, and court personnel; and

(f) Any other person with the prior written consent of the Producing Party.

13. Any natural person who reviews information designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY—SOURCE CODE" shall not participate in any way, direct or indirect, in the prosecution or support of the prosecution of any patent application or reissue proceeding, or reexamination of a patent (except where challenging, or representing a party challenging, a patent through reexamination) on behalf of any entity listed in subparagraph a) for a patent directed to technology described in subparagraph b) for a period beginning upon the person's first review of designated information and ending two years after (1) that person's last review of the designated information, or (2) the final termination of the litigation, whichever is later, unless the Producing Party agrees otherwise.

(a) Network Appliance, Inc.; Sun Microsystems, Inc.; the storage divisions of EMC, Hewlett Packard, Dell, Hitachi, and IBM.

(b) Storage computers and storage software products designed primarily for storing and retrieving data to/from RAID arrays of hard disk drives and/or solid state storage devices in response to storage requests using NFS or CIFS protocols received over a computer

-8-

DLA PIPER US LLP
EAST PALO ALTO

EM\7227666.1
347155-29

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

1  communication channel from client computers, and having file systems for logically organizing
2  the data as hierarchical structures which are used in servicing the requests.

3      14.    Prior to disclosing any Protected Materials to outside experts or consultants
4  identified in paragraphs 8(d), 10(c) or 12(c), the party seeking to disclose the information under
5  these paragraphs shall: (1) have each outside expert or consultant sign a document in the form
6  of Exhibit A hereto, and (2) provide the Producing Party (whose confidential information is at
7  issue or who produced the information) with: (i) the person's name; (ii) the person's present
8  employer and title, (iii) an up-to-date curriculum vitae of the person; (iv) an identification of any
9  work performed by that person for or on behalf of any party in this action within the four-year
10 period before the filing of this action; (v) a list of cases in which the expert or consultant has
11 testified at deposition, at a hearing, or at trial within the last four years; and (vi) a general
12 identification of the Protected Materials that it seeks to disclose (for example, and without
13 limitation, all Protected Materials, only "Confidential" information, only designated information
14 that is technical in nature, or only non-technical designated information). Within five (5) court
15 days of submission of this information to the Producing Party, the Producing Party may object to
16 the proposed outside expert or consultant on a reasonable basis, or, if it believes in good faith
17 that it needs more information concerning the proposed expert or consultant to make a decision
18 about whether to object, may request such additional information as it believes necessary for the
19 decision. If the Producing Party requests additional information about the individual to whom
20 the information is proposed to be disclosed, the deadline for the Producing Party to object to the
21 disclosure is the later of: (a) five (5) court days after the information is provided, or (b) five (5)
22 court days after the party seeking to disclose the confidential information declines to provide the
23 requested information.

24     (a)    If an objection to disclosure is made within the time required, the parties shall
25 meet and confer within five (5) court days and, if not resolved, the party seeking to disclose the
26 information must file a motion as provided in Civil Local Rule 7 (and in compliance with Civil
27 Local Rule 79-5, if applicable) seeking permission from the Court to do so. In any such
28 proceeding, the Party opposing disclosure to the expert shall bear the burden of proving that the

-9-

DLA PIPER US LLP
EAST PALO ALTO

EM\7227666.1
347155-29

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its expert.

(b) Where an objection is made, no such information shall be disclosed to the consultant or expert until the objection is withdrawn or resolved by the Court.

15. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Protected Materials, provided that counsel does not disclose Protected Materials in a manner not specifically authorized under this Protective Order.

16. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

17. To the extent that Protected Materials or information contained therein is used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Materials or information contained therein.

18. Any court reporter or transcriber who reports or transcribes testimony in this action shall keep all information designated as such under this Order confidential and shall not disclose it except pursuant to the terms of this Order. Any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

19. Any disclosing party or non-party may designate testimony on oral deposition as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY— SOURCE CODE" under the terms of this Order by (i) so stating on the record during the deposition, or (ii) by notifying the other parties in writing of the portions of such testimony to be so designated within ten (10) court days of receipt of the official transcript by the deponent or deponent's counsel, whichever is earlier. Testimony provided during a deposition shall be treated as "ATTORNEYS' EYES ONLY" until such written notification is received, or if no written notification is provided, until the expiration of the ten (10) court day period. With

-10-
DLA Piper US LLP
East Palo Alto
EM\7227666.1
347155-29
[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

regard to designations made during the deposition, the designating party shall have the right to exclude from the deposition all persons not entitled under this Order to view or receive such confidential information before the taking of such testimony. If a disclosing party or non-party promptly and timely determines that it inadvertently failed to properly designate confidential testimony, it may do so by giving notice to all parties, who shall thereafter treat the materials pursuant to the provisions of this Order. Any transcript portion that contains testimony so designated shall be labeled in a visible manner with the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY—SOURCE CODE" legend, and if requested by the designating party, shall be bound in a separate, sealed volume by the court reporter. If either party intends to offer any evidence at trial based on Proprietary Source Code, both parties hereby agree to jointly move the Court to take appropriate measures to preserve the confidentiality of the Proprietary Source Code to the extent reasonably practicable.

20.   Inadvertent or unintentional production of documents or information containing Confidential Information, Highly Confidential Information, or Proprietary Source Code that are not designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY—SOURCE CODE" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

21.   The party or parties receiving Protected Materials shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Materials or any information contained therein.

22.   Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys (a) from showing a Protected Document designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY—SOURCE CODE" to an individual who either prepared the Protected Document or reviewed it prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, its own Protected Document designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY—SOURCE CODE." Notwithstanding any designation of Protected Document by a Producing Party under this Order, any witness may be shown at a

DLA PIPER US LLP
EAST PALO ALTO

EM\7227666.1
347155-29

-11-

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

deposition, and examined on, any Protected Document that the witness authored or previously received. The witness may also be shown at a deposition, and examined on, any Protected Document for which specific documentary or testimonial evidence indicates (i) that the Protected Document was communicated to or from the witness, or (ii) that the witness was involved in the specific matter(s) addressed in the Protected Document, or if the Producing Party of the Protected Document agrees. In addition, Protected Materials may be shown without restriction to a witness designated to testify for the Producing Party pursuant to Federal Rule of Civil Procedure 30(b)(6).

23. This Order does not affect or alter a Producing Party's rights to refuse to disclose information properly subject to the attorney-client privilege or the attorney work-product doctrine. If a party, through inadvertence, produces or provides discovery that it believes is subject to a claim of attorney-client privilege, work product immunity, or is otherwise protected from disclosure, the Producing Party may give prompt and timely written notice to the Receiving Party or Parties that the document is subject to a claim of attorney-client privilege, work-product immunity, or other protection from disclosure, and request that the discovery be returned to the Producing Party. The Receiving Party or Parties shall within five (5) court days return to the Producing Party such discovery. Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege, work-product immunity, or other protection from disclosure, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be discoverable and/or usable in this action for reasons other than a waiver caused by the inadvertent production.

24. In the event that a party reasonably believes that, due to a confidentiality obligation owed to a non-party, it cannot produce certain information ("Restricted Information") in this action, said party shall within ten (10) days of discovering such obligation (i) provide written notification to the non-party that Restricted Information is subject to disclosure in this action, and (ii) provide the non-party with a copy of this Order. When such written notice is

DLA PIPER US LLP
EAST PALO ALTO

EM\7227666.1
347155-29

-12-

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

given to the non-party, the disclosing party will advise the potential Receiving Party that such notice has been given. The non-party shall have fourteen (14) days from receipt of the written notice in which to seek relief from the Court if the non-party so desires. If the fourteen (14) days elapse without the third party seeking relief from the Court, the party from which production is requested may (a) seek a protective order from the Court, or (b) produce the requested Restricted Information in accordance with the terms of this Protective Order.

25. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Materials for enforcement of the provisions of this Order following termination of this litigation.

26. Within thirty (30) days following the final termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Materials shall certify destruction or return the Protected Materials to the counsel for the party or parties disclosing or producing the Protected Materials. Notwithstanding this provision, counsel for the party or parties are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to the Protective Order.

27. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

28. Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

DLA PIPER US LLP
EAST PALO ALTO
EM\7227666.1
347155-29
-13-
[PROPOSED] PROTECTIVE ORDER --
USDC CASE NO. C-07-05488 EDL

29. Nothing in this Order abridges the right of any person to seek modification by the Court in the future.

30. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on grounds not addressed in the Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

DLA PIPER US LLP
EAST PALO ALTO

EM\7227666.1
347155-29

-14-

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

**SO STIPULATED**

Dated: February 29, 2008

        /s/ Christine K. Corbett
Mark D. Fowler
David Alberti
Christine K. Corbett
Yakov M. Zolotorev
Carrie L. Williamson
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2215
Telephone: (650) 833-2000
Facsimile: (650) 833-2001
Attorneys for Plaintiff/Counterdefendant,
SUN MICROSYSTEMS, INC.

Dated: February 29, 2008

        /s/ Jeffrey G. Homrig
Matthew D. Powers
Edward R. Reines
Jeffrey G. Homrig
Jill J. Ho
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Elizabeth Weiswasser (admitted pro hac vice)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Defendant/Counterplaintiff
NETWORK APPLIANCE, INC.

So ORDERED AND SIGNED this _____ day of _____, 2008.

_____
Honorable Elizabeth D. Laporte
United States Magistrate Judge

DLA PIPER US LLP
EAST PALO ALTO

EM\7227666.1
347155-29

-15-

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, Inc., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> Network Appliance, Inc., <br><br> Defendant/Counterplaintiff. | CASE NO. 3:07-CV-05488 EDL <br><br> **[PROPOSED] PROTECTIVE ORDER** |

CONFIDENTIALITY UNDERTAKING OF: _____

1.  My home address is:

_____

2.  My present employer is and the address of my present employment is:

_____

3.  My present occupation or job description is:

_____

4.  I have received a copy of the Protective Order ("Protective Order") in this action.

5.  I have carefully read and understand the provisions of the Protective Order in this action.

6.  I will comply with all of the provisions of the Protective Order.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action in strict compliance with the terms and conditions of the Protective Order, any confidential information which is disclosed to me. I acknowledge that termination of the litigation does not release me from the obligations set out in this paragraph.

DLA PIPER US LLP
EAST PALO ALTO

EM\7227666.1
347155-29

-16-

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

8.  At the conclusion of this action or my engagement with this action I will return all confidential information that comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained in strict accordance with the provisions of the Protective Order.

9.  I acknowledge and agree that, if I review information that has been designated as "Attorneys' Eyes Only" or "Attorney's Eyes Only—Source Code," I shall not participate in any way, direct or indirect, in the prosecution or support of the prosecution of any patent application or reissue proceeding, or reexamination of a patent (except where challenging, or representing a party challenging, a patent through reexamination) on behalf of any entity listed in subparagraph a) for a patent directed to technology described in subparagraph b) for a period beginning upon my first review of designated information and ending two years after (1) my last review of the designated information, or (2) the final termination of the litigation, whichever is later, unless the Producing Party agrees otherwise.

(a) Network Appliance, Inc.; Sun Microsystems, Inc.; the storage divisions of EMC, Hewlett Packard, Dell, Hitachi, and IBM.

(b) Storage computers and storage software products designed primarily for storing and retrieving data to/from RAID arrays of hard disk drives and/or solid state storage devices in response to storage requests using NFS or CIFS protocols received over a computer communication channel from client computers, and having file systems for logically organizing the data as hierarchical structures which are used in servicing the requests.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

DLA PIPER US LLP
EAST PALO ALTO
EM\7227666.1
347155-29
-17-
[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL

11.     Any accompanying resume or curriculum vitae is a complete and accurate statement to the best of my knowledge, and I acknowledge that in submitting such resume or curriculum vitae I know that the receiving party shall rely thereon.

Signature: _____

Date: _____

DLA PIPER US LLP
EAST PALO ALTO

EM\7227666.1
347155-29

-18-

[PROPOSED] PROTECTIVE ORDER –
USDC CASE NO. C-07-05488 EDL