1   MARK D. FOWLER (Bar No. 124235)
    mark.fowler@dlapiper.com
2   DAVID ALBERTI (Bar. No. 220625)
    david.alberti@dlapiper.com
3   CHRISTINE K. CORBETT  (Bar No. 209128)
    christine.corbett@dlapiper.com
4   YAKOV M. ZOLOTOREV (Bar No. 224260)
    yakov.zolotorev@dlapiper.com
5   CARRIE L. WILLIAMSON (Bar No. 230873)
    carrie.williamson@dlapiper.com
6
    DLA PIPER US LLP
7   2000 University Avenue
    East Palo Alto, CA  94303-2215
8   Tel: 650.833.2000
    Fax: 650.833.2001
9
    Attorneys for Plaintiff and Counterdefendant
10  Sun Microsystems, Inc.

11                 UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15  SUN MICROSYSTEMS, INC.,              CASE NO.  3:07-CV-05488 EDL

16             Plaintiff/Counterdefendant,
                                          **STIPULATION AND [PROPOSED] ORDER**
17      v.                               **REGARDING THE PRODUCTION OF**
                                         **ELECTRONIC AND OTHER**
18  NETWORK APPLIANCE, INC.,             **INFORMATION IN RESPONSE TO**
                                         **DOCUMENT REQUESTS**
19             Defendant/Counterplaintiff.

20

21        To facilitate the cost-effective exchange of responsive, non-privileged documents,

22  including electronically stored information ("ESI"), in response to requests for production of

23  documents pursuant to Federal Rule of Civil Procedure 34, the parties stipulate as follows.

24        The process of collecting and producing ESI and other documents in response to Rule 34

25  document requests shall include the following:

26

27        (1)    on March 20, 2008, each side shall identify in writing to the other side fifteen of its

28

own employees and consultants (plus the named inventors on the asserted patents currently

employed by that side) who that side believes, in good faith, are most likely to possess the most

relevant documents (ESI or paper) pertaining to the claims and defenses in the action;

(2)     in responding to any Rule 34 document request, and subject to any properly

asserted objection thereto, each side shall collect and produce any responsive, non-privileged ESI

and other documents possessed by the custodians on its list;

(3)     after the initial exchange of document custodian lists, each side may identify in

writing to the other side the names of additional employees and consultants of the other side from

whom responsive, non-privileged ESI and other documents in their possession also must be

collected and produced;

(4)     each side may identify up to 15 such additional document custodians of the other

side;

(5)     such 15 additional custodians of the other side may be identified at one time, or

individually or in groups at different times, but no such custodian shall be identified later than 45

days before the fact discovery cut-off date, absent good cause;

(6)     upon being presented with the name of such an additional custodian, the receiving

party may object within 7 days if, following a reasonable investigation, it believes in good faith

that the identification is not likely to lead to the discovery of admissible evidence, that the burden

of collecting information from the person so identified outweighs the value of the information

expected to be discovered, that the identification is made for an impermissible purpose, or any

other grounds under the Federal Rules of Civil Procedure.  Following an objection, the parties

shall meet and confer within the following 7 days in an effort to resolve the dispute.  If the

dispute is not resolved within the 7 day period, the party seeking documents from the additional

custodians may file a motion with the court.  If the receiving party does not object to the

DLA PIPER US LLP
LOS ANGELES

EM\7227684.1
347155-29

-2-
STIPULATION AND ORDER RE PRODUCTION OF INFORMATION IN RESPONSE
TO DOCUMENT REQUESTS – CASE NO. 3:07-CV-05488 EDL

identification, it shall produce all non-privileged documents in the possession of that custodian that are responsive to each Rule 34 document request previously served by the other side no later than the later of (a) the date documents are due to be produced pursuant to a then- pending document request, or (b) 30 days after the identification of the additional custodian;

(7)    in responding to a Rule 34 document request, a party shall not be required to preserve, search for, collect or produce documents in the individual possession of employees and consultants other than the custodians identified pursuant to paragraphs (1) and (3) above;

(8)    as used in this stipulation, ESI and documents "possessed" by or in the "possession" of an individual custodian means information held or maintained by that person, or by any secretary, administrative assistant or other comparable employee working directly for that person, (a) in paper files, binders, calendars, stacks of paper, loose papers or in any other written materials located in that person's own office(s), work space(s) or home(s), (b) in electronic files in desktop or notebook computers or portable disk drives, memory sticks, etc. used by that person for work purposes, and (c) in personalized electronic accounts for and accessible by that person on a party's corporate network or server (e.g., an email account maintained by or for that person or a folder on a network drive that is dedicated for that person's use);

(9)    a privileged document log listing privileged documents in the possession of persons identified on the parties' document custodian lists that are responsive to a Rule 34 document request and have been withheld from a document production.  The parties will produce an initial privilege log on April 30, 2008 and will supplement this privilege log on the last day of each month through the end of document production.

(10)    any supplemental privileged document log required by the other side's identification of an additional document custodian shall be served no later than 60 days after the identification of the additional custodian.

DLA PIPER US LLP
LOS ANGELES

EM\7227684.1
347155-29

-3-
STIPULATION AND ORDER RE PRODUCTION OF INFORMATION IN RESPONSE
TO DOCUMENT REQUESTS – CASE NO. 3:07-CV-05488 EDL

1        Notwithstanding paragraphs (1) through (8) above:

2        (a)      the sources of the ESI and other documents that are specifically required to be

3   produced under the Patent Local Rules are not limited by this stipulation (i.e., it is not grounds to

4   withhold from production information required to be produced under the Patent Local Rules

5   because the information is not in the possession of one of the listed document custodians);

6

7        (b)      nothing in this stipulation relieves the parties of their obligation to search for,

8   collect and produce non-privileged, responsive ESI and other documents that are maintained by

9   the parties on corporate, department or group networks or servers that are accessed by multiple

10  employees, or in central, department or group document repositories (e.g., source code

11  management systems, libraries of specifications or manuals, customer support websites etc.);

12

13       (c)      subject to a detailed showing of need by the requesting party, neither party is

14  required to search or produce information stored on back-up tapes;

15       (d)      neither party is required to preserve, search for, collect or produce

16           (i)      voicemail,

17           (ii)     information stored on hand-held devices (such as a cell phone, Blackberry,

18  etc. – hand-held devices do not include tablet PCs, notebook computers or laptop computers), or

19           (iii)    instant messages;

20

21       (e)      neither party is required to preserve or search e-mail servers for responsive

22  documents other than the e-mail accounts of the currently employed named inventors and the

23  document custodians identified pursuant to paragraphs (1) and (3) above;

24       (f)      this stipulation does not limit discovery pertaining to expert witnesses; and

25       (g)      this stipulation does not limit who may be noticed for deposition.

26       Each party understands and acknowledges there may be other employees and consultants

27  of the other party, in addition to the named inventors and the persons on the document custodian

28

-4-

DLA PIPER US LLP
LOS ANGELES

EM\7227684.1
347155-29

STIPULATION AND ORDER RE PRODUCTION OF INFORMATION IN RESPONSE
TO DOCUMENT REQUESTS – CASE NO. 3:07-CV-05488 EDL

lists, who individually may possess relevant ESI or other documents.  However, as described above, in order to conduct discovery efficiently, including reducing the burden and cost of responding to discovery, the parties agree to limit the scope of discovery as specified above.

In producing documents in response to either the Patent Local Rules or a Rule 34 document request, the parties shall produce electronic documents in single page TIFF format with accompanying .dat files with extracted text from the documents and image load files.  The fixed images will bear production numbers and identify the producing side.  A producing party may, at its election, produce source code and spreadsheets in native format rather than in TIFF format.  A requesting party may make a request for native versions of specific documents, but no party may seek to compel production of native format files of electronic documents on a wholesale basis.  If, at any time, a producing party deems a requesting party's demand for native format documents to be excessive, the parties will meet and confer regarding the scope of the request.

As part of their existing document preservation obligations, the parties shall take reasonable steps to preserve all ESI that is within the personal possession of document custodians identified pursuant to paragraphs 1 and 3, or that is stored in central storage systems referred to in paragraph 10(b), and that is reasonably expected to contain relevant data.   In the case of individuals not identified under paragraph 1, the existing obligation to preserve potentially-relevant ESI dissolves on May 1, 2008 unless such individuals are identified as document custodians pursuant to paragraph 3 before that date.  For all individuals identified after May 1, 2008, the duty to preserve potentially-relevant ESI shall begin upon their identification pursuant to paragraph 3.  These provisions notwithstanding, neither party nor its employees shall intentionally destroy documents or other information known to be relevant to the case with the intention of depriving the opposing party of the documents or information.  However: (i) the parties may continue to implement their policies and practices predating the filing of this action

DLA PIPER US LLP
LOS ANGELES

EM\7227684.1
347155-29

-5-

STIPULATION AND ORDER RE PRODUCTION OF INFORMATION IN RESPONSE
TO DOCUMENT REQUESTS – CASE NO. 3:07-CV-05488 EDL

1   pertaining to the preservation and rotation of back-up tapes; and (ii) the parties shall not have any

2   obligation to preserve Future Records.  Future Records are records created after January 1, 2008,

3   that are drafts, interim versions, database updates or modifications (such as modifications

4   resulting from the routine entry or modification of records) or other ephemera that would not be

5   preserved in the ordinary course of business.  All provisions of this Order are subject to

6   modification for good cause shown.

7

8   Dated:  March 3, 2008

9

10                               By   /s/ Christine K. Corbett
                                      MARK FOWLER

11                                       CHRISTINE K. CORBETT
                                      CARRIE L. WILLIAMSON

12                                       DLA PIPER US LLP
                                      Attorneys for Plaintiff/Counterdefendant

13                                       SUN MICROSYSTEMS, INC.

14   Dated:  March 3, 2008               By   /s/ Jeffrey G. Homrig
                                      EDWARD R. REINES

15                                       JEFFREY G. HOMRIG

16                                       WEIL, GOTSHAL & MANGES
                                      Attorneys for Defendant/Counterplaintiff

17                                       NETWORK APPLIANCE, INC.

18

19                 IT IS SO ORDERED.

20

21   Dated:_____, 2008

22                                         Honorable Elizabeth D. Laporte
                                      U.S. Magistrate Judge

23

24

25

26

27

28

DLA PIPER US LLP
LOS ANGELES

EM\7227684.1
347155-29

-6-
STIPULATION AND ORDER RE PRODUCTION OF INFORMATION IN RESPONSE
TO DOCUMENT REQUESTS – CASE NO. 3:07-CV-05488 EDL