MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
DAVID ALBERTI, Bar No. 220625
david.alberti@dlapiper.com
CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@dlapiper.com
YAKOV M. ZOLOTOREV, Bar No. 224260
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON, Bar No. 230873
carrie.williamson@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Plaintiff-Counterclaim Defendant,
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, INC., a Delaware corporation,,<br><br>Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>NETWORK APPLIANCE, INC., a Delaware corporation,,<br><br>Defendant-Counterclaim Plaintiff. | CASE NO. C-07-05488 EDL<br><br>**SUN MICROSYSTEMS, INC.'S REPLY TO NETWORK APPLIANCE, INC.'S SUPPLEMENTAL ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## REPLY TO COUNTERCLAIM

Plaintiff-Counterclaim Defendant Sun Microsystems, Inc. ("Sun") responds as follows to the Supplemental Answer and Counterclaim of Defendant-Counterclaim Plaintiff Network Appliance, Inc. ("NetApp"):

### THE PARTIES AND THE NATURE OF THIS ACTION

1. Sun incorporates by reference paragraphs 1-18 of its First Amended Complaint as though fully set forth herein.

-1-

2. Sun denies the allegations of paragraph 2 of the Counterclaim.

3. Sun denies the allegations of paragraph 3 of the Counterclaim.

4. Sun admits that this Counterclaim arises under the patent laws of the United States. Sun denies the remaining allegations of paragraph 4 of the Counterclaim.

## JURISDICTION AND VENUE

5. Sun lacks sufficient knowledge or information to admit or deny the allegations of paragraph 5 of the Counterclaim, and, on that basis, denies them.

6. Sun admits the allegations of paragraph 6 of the Counterclaim.

7. Sun admits that this Court has personal jurisdiction over Sun because it maintains its principal place of business within the Northern District of California. Sun denies the remaining allegations of paragraph 7 of the Counterclaim.

8. Sun admits the allegations of paragraph 8 of the Counterclaim.

9. Sun admits the allegations of paragraph 9 of the Counterclaim.

10. Sun admits that an actual and justiciable controversy exists between NetApp and Sun as to whether United States Patent No. 5,124,987, United States Patent No. 5,430,855, United States Patent No. 6,049,528, United States Patent No. 6,421,787, United States Patent No. 5,632,012 and United States Patent No. 5,721,937 (collectively, "the Sun Patents-in-Suit") are infringed, valid and enforceable against NetApp. Sun denies the remaining allegations of paragraph 10 of the Counterclaim.

11. Sun admits the allegations of paragraph 11 of the Counterclaim.

12. Sun admits the allegations of paragraph 12 of the Counterclaim.

## FIRST COUNTERCLAIM
### (Infringement of the '591 Patent)

13. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 12 of these Counterclaims, inclusive.

14. Sun admits that United States Patent No. 6,574,591 bears the quoted title "File Systems Image Transfer Between Dissimilar File Systems" and appears on its face to have been issued by the United States Patent and Trademark Office on June 3, 2003. Sun lacks sufficient

-2-

knowledge or information to admit or deny the remaining allegations of paragraph 14 of the Counterclaim, and, on that basis, denies them.

15. Sun denies the allegations of paragraph 15 of the Counterclaim.

16. Sun denies the allegations of paragraph 16 of the Counterclaim.

17. Sun denies the allegations of paragraph 17 of the Counterclaim.

18. Sun denies the allegations of paragraph 18 of the Counterclaim.

19. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 19 of the Counterclaim.

## SECOND COUNTERCLAIM
### (Infringement of the '417 Patent)

20. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 12 of these Counterclaims, inclusive.

21. Sun admits that United States Patent No. 6,868,417 bears the quoted title "Mechanism for Handling File Level And Block Level Remote File Accesses Using The Same Server" and appears on its face to have been issued by the United States Patent and Trademark Office on March 15, 2005. Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 21 of the Counterclaim, and, on that basis, denies them.

22. Sun denies the allegations of paragraph 22 of the Counterclaim.

23. Sun denies the allegations of paragraph 23 of the Counterclaim.

24. Sun denies the allegations of paragraph 24 of the Counterclaim.

25. Sun denies the allegations of paragraph 25 of the Counterclaim.

26. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 26 of the Counterclaim.

## THIRD COUNTERCLAIM
### (Infringement of the '385 Patent)

27. Sun incorporates by reference its responses to the allegations of paragraphs 1

through 12 of these Counterclaims, inclusive.

28. Sun admits that United States Patent No. 7,107,385 bears the quoted title "Storage Virtualization By Layering Virtual Disk Objects On A File System" and appears on its face to have been issued by the United States Patent and Trademark Office on September 12, 2006. Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 28 of the Counterclaim, and, on that basis, denies them.

29. Sun denies the allegations of paragraph 29 of the Counterclaim.

30. Sun denies the allegations of paragraph 30 of the Counterclaim.

31. Sun denies the allegations of paragraph 31 of the Counterclaim.

32. Sun denies the allegations of paragraph 32 of the Counterclaim.

33. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 33 of the Counterclaim.

## FOURTH COUNTERCLAIM
### (Infringement of the '873 Patent)

34. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 12 of these Counterclaims, inclusive.

35. Sun admits that United States Patent No. 7,130,873 bears the quoted title "File System Image Transfer Between Dissimilar File Systems" and appears on its face to have been issued by the United States Patent and Trademark Office on October 31, 2006. Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 35 of the Counterclaim, and, on that basis, denies them.

36. Sun denies the allegations of paragraph 36 of the Counterclaim.

37. Sun denies the allegations of paragraph 37 of the Counterclaim.

38. Sun denies the allegations of paragraph 38 of the Counterclaim.

39. Sun denies the allegations of paragraph 39 of the Counterclaim.

40. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 40 of

-4-

1  the Counterclaim.

## FIFTH COUNTERCLAIM
### (Infringement of the '720 Patent)

41. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 12 of these Counterclaims, inclusive.

42. Sun admits that United States Patent No. 7,313,720 bears the quoted title "Technique for Increasing the Number of Persistent Consistency Point Images in a File System" and appears on its face to have been issued by the United States Patent and Trademark Office on December 25, 2007. Sun lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 42 of the Counterclaim, and, on that basis, denies them.

43. Sun denies the allegations of paragraph 43 of the Counterclaim.

44. Sun denies the allegations of paragraph 44 of the Counterclaim.

45. Sun denies the allegations of paragraph 45 of the Counterclaim.

46. Sun denies the allegations of paragraph 46 of the Counterclaim.

47. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 47 of the Counterclaim.

## SIXTH COUNTERCLAIM
### (Unfair Competition Under the Lanham Act)

48. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 12 of these Counterclaims, inclusive.

49. Sun admits that on October 24, 2007, a blog written by Jonathan Schwartz stated that: (1) Sun had "one of the largest patent arsenals on the internet, numbering more than 14,000 issued and pending globally…touch[ing] nearly every aspect of network computing…"; (2) Sun has a "huge array of patents across storage systems and software – to which Network Appliance has decided to expose themselves"; and (3) Sun "always protected [its] market from trolls." Sun admits that on September 6, 2007, a blog written by Jonathan Schwartz stated that: (1) Sun uses

-5-

its patents "to protect communities, and indemnify customers...;" and (2) "Sun did not approach NetApps about licensing any of Sun's patents and never filed complaints against NetApps or demanded anything." Sun admits that on October 25, 2007, a blog written by Michael Dillon stated that Sun had brought "claims against the entirety of [NetApp's] product line." Sun admits that on October 25, 2007 it alleged in its Answer to NetApp's complaint for patent infringement in the Eastern District of Texas that NetApp infringed the '639, '667, '857, '095, '662, '106, '954, '984, '303, '261, '630, and '343 patents. Sun admits that it holds all rights, title, and interest in the patents asserted in its Counterclaims. Sun admits that on October 29, 2007, Sun initiated this action alleging that NetApp infringes the '987, '855, '528, '219, '012, and '937 patents. Sun admits that on November 2, 2007, it filed a First Amended Complaint alleging that NetApp infringes the '987, '855, '528, '787, '012, and '937 patents. Sun admits that it holds all rights, title, and interest in the patents asserted in its Complaint and First Amended Complaint. Sun denies the remaining allegations of paragraph 49 of the Counterclaim.

50. Sun lacks sufficient knowledge or information to admit or deny the allegations of paragraph 50 of the Counterclaim, and, on the basis, denies them.

51. Sun denies the allegations of paragraph 51 of the Counterclaim.

52. Sun denies the allegations of paragraph 52 of the Counterclaim.

53. Sun denies the allegations of paragraph 53 of the Counterclaim.

54. Sun denies the allegations of paragraph 54 of the Counterclaim.

## SEVENTH COUNTERCLAIM
(Unfair Competition under California Business & Professions Code § 17200 et seq.)

55. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 12 and 48 through 54 of these Counterclaims, inclusive.

56. Sun denies the allegations of paragraph 56 of the Counterclaim.

57. Sun denies the allegations of paragraph 57 of the Counterclaim.

58. Sun denies the allegations of paragraph 58 of the Counterclaim.

59. Sun denies the allegations of paragraph 59 of the Counterclaim.

60. Sun denies the allegations of paragraph 60 of the Counterclaim.

61. Sun denies the allegations of paragraph 61 of the Counterclaim.

62. Sun denies the allegations of paragraph 62 of the Counterclaim.

## EIGHTH COUNTERCLAIM
### (Declaratory Judgment Re: the '987 Patent)

63. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 12 of these Counterclaims, inclusive.

64. Sun admits that it is the owner of the entire right, title and interest in and to United States Patent No. 5,124,987, titled "Logical Track Write Scheduling System For A Parallel Disk Drive Array Data Storage Subsystem." Sun denies the remaining allegations of paragraph 64 of the Counterclaim.

65. Sun admits the allegations of paragraph 65 of the Counterclaim.

66. Sun denies the allegations of paragraph 66 of the Counterclaim.

67. Sun denies the allegations of paragraph 67 of the Counterclaim.

68. Sun denies the allegations of paragraph 68 of the Counterclaim.

69. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 69 of the Counterclaim.

## NINTH COUNTERCLAIM
### (Declaratory Judgment Re: the '855 Patent)

70. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 12 of these Counterclaims, inclusive.

71. Sun admits that it is the owner of the entire right, title and interesting and to United States Patent No. 5,430,855, titled "Disk Drive Array Memory System Using Nonuniform Disk Drives." Sun denies the remaining allegations of paragraph 71 of the Counterclaim.

72. Sun admits the allegations of paragraph 72 of the Counterclaim.

73. Sun denies the allegations of paragraph 73 of the Counterclaim.

74. Sun denies the allegations of paragraph 74 of the Counterclaim.

75. Sun denies the allegations of paragraph 75 of the Counterclaim.

76. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 76 of the Counterclaim.

## TENTH COUNTERCLAIM
### (Declaratory Judgment Re: the '528 Patent)

77. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 12 of these Counterclaims, inclusive.

78. Sun admits that it is the owner of the entire right, title and interest in and to United States Patent No. 6,049,528, titled "Trunking Ethernet-Compatible Networks." Sun denies the remaining allegations of paragraph 78 of the Counterclaim.

79. Sun admits the allegations of paragraph 79 of the Counterclaim.

80. Sun denies the allegations of paragraph 80 of the Counterclaim.

81. Sun denies the allegations of paragraph 81 of the Counterclaim.

82. Sun denies the allegations of paragraph 82 of the Counterclaim.

83. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 83 of the Counterclaim.

## ELEVENTH COUNTERCLAIM
### (Declaratory Judgment Re: the '787 Patent)

84. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 12 of these Counterclaims, inclusive.

85. Sun admits that it is the owner of the entire right, title and interest in and to United States Patent No. 6,421,787, titled "Highly Available Cluster Message Passing Facility." Sun denies the remaining allegations of paragraph 85 of the Counterclaim.

86. Sun admits the allegations of paragraph 86 of the Counterclaim.

87. Sun denies the allegations of paragraph 87 of the Counterclaim.

88. Sun denies the allegations of paragraph 88 of the Counterclaim.

89. Sun denies the allegations of paragraph 89 of the Counterclaim.

90. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 90 of the Counterclaim.

## TWELFTH COUNTERCLAIM
### (Declaratory Judgment Re: the '012 Patent)

91. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 12 of these Counterclaims, inclusive.

92. Sun admits that it is the owner of the entire right, title and interest in and to United States Patent No. 5,632,012, titled "Disk Scrubbing System." Sun denies the remaining allegations of paragraph 92 of the Counterclaim.

93. Sun admits the allegations of paragraph 93 of the Counterclaim.

94. Sun denies the allegations of paragraph 94 of the Counterclaim.

95. Sun denies the allegations of paragraph 95 of the Counterclaim.

96. Sun denies the allegations of paragraph 96 of the Counterclaim.

97. Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 97 of the Counterclaim.

## THIRTEENTH COUNTERCLAIM
### (Declaratory Judgment Re: the '937 Patent)

98. Sun incorporates by reference its responses to the allegations of paragraphs 1 through 12 of these Counterclaims, inclusive.

99. Sun admits that it is the owner of the entire right, title and interest in and to United States Patent No. 5,721,937, titled "Method and Apparatus For Reducing Power Consumption In A Computer System By Placing The CPU In A Low Power Mode." Sun denies the remaining allegations of paragraph 99 of the Counterclaim.

100. Sun admits the allegations of paragraph 100 of the Counterclaim.

101. Sun denies the allegations of paragraph 101 of the Counterclaim.

1  102.  Sun denies the allegations of paragraph 102 of the Counterclaim.

2  103.  Sun denies the allegations of paragraph 103 of the Counterclaim.

3  104.  Sun admits this case is exceptional and alleges Sun is entitled to an award of attorneys' fees under 35 U.S.C. § 285. Sun denies the remaining allegations of paragraph 104 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Non-Infringement)

As and for a separate affirmative defense, Sun alleges that it has not and does not directly, indirectly, contributorily and/or by inducement, infringe any claim of United States Patent No. 6,574,591, United States Patent No. 6,868,417, United States Patent No. 7,107,385, United States Patent No. 7,130,873 and United States Patent No. 7,313,720 (collectively, "the NetApp Patents-in-Suit"), literally or under the doctrine of equivalents.

### Third Affirmative Defense
### (Invalidity/Unenforceability)

As and for a separate affirmative defense, Sun alleges that one or more claims of each of the NetApp Patents-in-Suit are invalid or unenforceable for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

### Fourth Affirmative Defense
### (Patent Marking)

As and for a separate affirmative defense, Sun alleges on information and belief that any claim for damages for patent infringement by NetApp is limited, at a minimum, by 35 U.S.C.

§ 287 to those damages occurring only after the notice of infringement.

### Fifth Affirmative Defense
### (Limitation on Damages)

As and for a separate affirmative defense, Sun alleges on information and belief that NetApp's recovery for alleged infringement of the NetApp Patents-in-Suit, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its claims, pursuant to 35 U.S.C. § 286.

### Sixth Affirmative Defense
### (Prosecution History Estoppel)

As and for a separate affirmative defense, by reason of proceedings in the Patent and Trademark Office during the prosecution of the applications that resulted in the NetApp Patents-in-Suit, as shown by their file histories, and by reason of the amendment, cancellation or abandonment of claims, and the admissions and other amendments made therein by or on behalf of the patentee, NetApp is estopped to claim a construction of any of the NetApp Patents-in-Suit that would cause any valid claim thereof to cover or include any product manufactured, used, sold or offered for sale by Sun.

### Seventh Affirmative Defense
### (Unenforceability – Inequitable Conduct '417 Patent)

As and for a separate affirmative defense, Sun alleges on information and belief that the '417 patent is unenforceable. Prior to the issuance of the '417 patent, the named inventors and/or others substantively involved in prosecuting the application leading to the '417 patent (collectively, "the '417 Applicants") were aware of information material to the patentability of the claims of the '417 patent, but withheld, concealed and/or mischaracterized that information with the intent to deceive the United States Patent and Trademark Office ("USPTO"). The withheld information includes but is not limited to one or more of the following references: U.S. Patent Nos. 5,897,661; 5,511,177; 5,163,131; 5,355,453; 5,485,579; 5,802,366; 5,931,918;

5,941,972; 6,065,037; and 5,966,024; Storage Computer Corporation, "Performance Without Compromise: The Virtual Storage Architecture," Brochure, pp. 1-11, (1997); The Enterprise Storage Company, "Celerra File Server Architecture for High Availability," Brochure, EMC Corporation, pp. 1-7, (Aug. 1999); SUNOS 5.9, "Network Disk Driver," Manual, pp. 1-3 (July 26, 1985); SUNOS 5.9, Manual, p. 1, (Feb. 1, 1985); Anthony J. McGregor, "Block-Based Distributed File Systems," Book, pp. 1-194, (July 1997)(collectively, "the '417 Unconsidered References"). One or more of the '417 Applicants knew of the '417 Unconsidered References before issuance of the '417 patent and knew that the references were material to one or more claims of the '417 patent because the references were identified in an Information Disclosure Statement ("IDS") that the '417 Applicants filed after issuance of a Notice of Allowance, which ensured the references were not considered by the examiner. While the '417 Unconsidered References were submitted to the USPTO, they were submitted with knowledge that the examiner would not review them. Furthermore, one or more of the '417 Applicants knew that the examiner had not considered the references when the '417 Applicants paid the issue fee for the '417 patent, causing USPTO to issue the '417 patent. On information and belief, the '417 Unconsidered References were withheld with the intent to deceive the USPTO.

**Eighth Affirmative Defense**
**(Unenforceability – Inequitable Conduct '591 and '873 Patents)**

As and for a separate affirmative defense, Sun alleges on information and belief that the '591 and '873 patents are unenforceable. In 1997, Norman Hutchinson, one of the named inventors on the '591 and '873 patents, published an article titled "Heterogeneous Process Migration: The Tui System" ("The Hutchinson Article"). This article describes migrating (including the migration of data objects) a software process executing on one computer to another computer. The Hutchinson Article teaches a data migration process where objects with data pointers are placed first in an intermediate form and later, when objects are migrated to the second computer, pointers are converted from the known intermediate form to correctly point to where the objects are placed on the second computer. This data migration and pointer re-

mapping process corresponds to at least one of the preferred embodiments taught by the '591 and '873 patents. Therefore, the Hutchinson Article contains information highly material to the patentability of one or more claims of the '591 and '873 patents. NetApp and Mr. Hutchinson did not disclose this highly material information to the USPTO during the prosecution of the '591 and '873 patents. On information and belief, NetApp and Mr. Hutchinson withheld this highly material information from the USPTO with the intent to deceive the USPTO.

Prior to the issuance of the '873 patent, the named inventors and/or others substantively involved in prosecuting the application leading to the '873 patent (collectively, "the '873 Applicants") were aware of information material to the patentability of the claims of the '873 patent, but withheld and concealed that information with the intent to deceive the USPTO. On or about September 22, 2004, the USPTO issued a rejection in the prosecution of a NetApp patent application No. 09/854,187, which matured into U.S. Pat. 7,174,352 ("the '352 patent"). The '873 patent application was in prosecution on and after September 22, 2004. The September 22, 2004 rejection was based on a publication by Raymond Lorie, *Physical Integrity in a Large Segmented Database*, ACM Trans. Database Syst., vol. 2, Mar. 1977, pp. 91-104 ("Lorie"). The '873 patent is related to the '352 patent through a common grandparent application No. 09/127,497. The '873 and '352 patents have common named inventors Steven R. Kleiman, David Hitz and Sean W. O'Malley. Moreover, the '873 and '352 patents were both prosecuted by the Swernofsky Law Group, PC and Jordan M. Becker of Blakely, Sokoloff Taylor & Zafman LLP. The '873 Applicants knew of the Lorie reference during the prosecution of the '873 patent but did not disclose it to the USPTO. On information and belief, the '873 Applicants knew that the Lorie reference was highly material to the patentability of one or more claims of the '873 patent and withheld this highly material information from the USPTO with the intent to deceive the USPTO.

**Ninth Affirmative Defense**
**(Unenforceability – Inequitable Conduct '385 Patent)**

As and for a separate affirmative defense, Sun alleges on information and belief that the '385 patent is unenforceable. Prior to the issuance of the '385 patent, the named inventors and/or

-13-
EM\7227415.1
347155-29
SUN'S REPLY TO NETAPP'S SUPPL ANSWER & COUNTERCLAIMS TO FIRST AMENDED COMPLAINT – USDC CASE NO. C-07-05488 EDL

DLA PIPER US LLP
EAST PALO ALTO

others substantively involved in prosecuting the application leading to the '385 patent (collectively, "the '385 Applicants") were aware of information material to the patentability of the claims of the '385 patent, but withheld, concealed and/or mischaracterized that information with the intent to deceive the USPTO. The withheld information includes but is not limited to International PCT Publication No. WO 02/50433A1 ("the '433 publication"). One or more of the '385 Applicants knew of the '433 publication before issuance of the '385 patent and knew that the '433 publication was material to one or more claims of the '385 patent because the '433 publication was identified in an Information Disclosure Statement ("IDS") that the '385 Applicants filed after paying the issue fee, which ensured the reference was not considered by the examiner. While the '433 publication was submitted to the USPTO, it was submitted with knowledge that the examiner would not review it. On information and belief, the '433 publication was withheld with the intent to deceive the USPTO.

### Tenth Affirmative Defense
### (Speech Protection)

As and for a separate affirmative defense, the Counterclaims are barred in whole or in part because the commercial speech was not false or misleading and is protected under the First Amendment of the United States Constitution.

### Eleventh Affirmative Defense
### (Unclean Hands)

As and for a separate affirmative defense, the Counterclaims are barred by the doctrine of unclean hands.

### COUNTERCLAIMS FOR DECLARATORY RELIEF

1. Sun incorporates by reference its allegations in paragraphs 1 through 12 of its First Amended Complaint, its responses to the allegations of paragraphs 1 through 104 of NetApp's Supplemental Answer and Counterclaims.

2. These Counterclaims arise under the United States patent laws, 35 U.S.C. § 101 *et seq*. These Counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

## FIRST COUNTERCLAIM
### (Declaratory Judgment Re: the '591 Patent)

3. NetApp alleges in paragraph 14 of its Counterclaims that it is the owner of the '591 patent, titled "File Systems Image Transfer Between Dissimilar File Systems."

4. NetApp has asserted that Sun infringes the '591 patent.

5. Sun has not infringed, and is not infringing, either directly or indirectly under Section 271, any claim of the '591 patent, either literally or under the doctrine of equivalents.

6. One or more claims of the '591 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq.*, including without limitation those of sections 102, 103 and/or 112.

7. The '591 patent is unenforceable for at least the reasons alleged in Sun's affirmative defenses, which are incorporated herein by reference.

8. An actual case or controversy exists between Sun and NetApp because NetApp filed a Counterclaim against Sun alleging infringement of the '591 patent. Absent a declaration of non-infringement, invalidity and/or unenforceability, NetApp will continue to wrongfully assert the '591 patent against Sun and thereby cause Sun irreparable injury and damage.

9. This case is exceptional and, pursuant to 35 U.S.C. § 285, Sun is entitled to an award of attorneys' fees.

10. Based on the foregoing, Sun seeks a judgment holding that the '591 patent is not infringed and is invalid and unenforceable.

## SECOND COUNTERCLAIM
### (Declaratory Judgment Re: the '417 Patent)

11. NetApp alleges in paragraph 21 of its Counterclaims that it is the owner of the '417 patent, titled "Mechanism for Handling File Level and Block Level Remote File Accesses Using The Same Sever."

12. NetApp has asserted that Sun infringes the '417 patent.

13. Sun has not infringed, and is not infringing, either directly or indirectly under

-15-
SUN'S REPLY TO NETAPP'S SUPPL ANSWER & COUNTERCLAIMS TO FIRST AMENDED COMPLAINT – USDC CASE NO. C-07-05488 EDL

Section 271, any claim of the '417 patent, either literally or under the doctrine of equivalents.

14. One or more claims of the '417 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq.*, including without limitation those of sections 102, 103 and/or 112.

15. The '417 patent is unenforceable for at least the reasons alleged in Sun's affirmative defenses, which are incorporated herein by reference.

16. An actual case or controversy exists between Sun and NetApp because NetApp filed a Counterclaim against Sun alleging infringement of the '417 patent. Absent a declaration of non-infringement, invalidity and/or unenforceability, NetApp will continue to wrongfully assert the '417 patent against Sun and thereby cause Sun irreparable injury and damage.

17. This case is exceptional and, pursuant to 35 U.S.C. § 285, Sun is entitled to an award of attorneys' fees.

18. Based on the foregoing, Sun seeks a judgment holding that the '417 patent is not infringed and is invalid and unenforceable.

## THIRD COUNTERCLAIM
### (Declaratory Judgment Re: the '385 Patent)

19. NetApp alleges in paragraph 28 of its Counterclaims that it is the owner of the '385 patent, titled "Storage Virtualization by Layering Virtual Disk Objects on a File System."

20. NetApp has asserted that Sun infringes the '385 patent.

21. Sun has not infringed, and is not infringing, either directly or indirectly under Section 271, any claim of the '385 patent, either literally or under the doctrine of equivalents.

22. One or more claims of the '385 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq.*, including without limitation those of sections 102, 103 and/or 112.

23. The '385 patent is unenforceable for at least the reasons alleged in Sun's affirmative defenses, which are incorporated herein by reference.

24. An actual case or controversy exists between Sun and NetApp because NetApp

filed a Counterclaim against Sun alleging infringement of the '385 patent. Absent a declaration of non-infringement, invalidity and/or unenforceability, NetApp will continue to wrongfully assert the '385 patent against Sun and thereby cause Sun irreparable injury and damage.

25. This case is exceptional and, pursuant to 35 U.S.C. § 285, Sun is entitled to an award of attorneys' fees.

26. Based on the foregoing, Sun seeks a judgment holding that the '385 patent is not infringed and is invalid and unenforceable.

### FOURTH COUNTERCLAIM
### (Declaratory Judgment Re: the '873 Patent)

27. NetApp alleges in paragraph 35 of its Counterclaims that it is the owner of the '873 patent, titled "File System Image Transfer Between Dissimilar File Systems."

28. NetApp has asserted that Sun infringes the '873 patent.

29. Sun has not infringed, and is not infringing, either directly or indirectly under Section 271, any claim of the '873 patent, either literally or under the doctrine of equivalents.

30. One or more claims of the '873 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq.*, including without limitation those of sections 102, 103 and/or 112.

31. The '873 patent is unenforceable for at least the reasons alleged in Sun's affirmative defenses, which are incorporated herein by reference.

32. An actual case or controversy exists between Sun and NetApp because NetApp filed a Counterclaim against Sun alleging infringement of the '873 patent. Absent a declaration of non-infringement, invalidity and/or unenforceability, NetApp will continue to wrongfully assert the '873 patent against Sun and thereby cause Sun irreparable injury and damage.

33. This case is exceptional and, pursuant to 35 U.S.C. § 285, Sun is entitled to an award of attorneys' fees.

34. Based on the foregoing, Sun seeks a judgment holding that the '873 patent is not infringed and is invalid and unenforceable.

**FIFTH COUNTERCLAIM**
**(Declaratory Judgment Re: the '720 Patent)**

35. NetApp alleges in paragraph 42 of its Counterclaims that it is the owner of the '720 patent, titled "Technique for Increasing the Number of Persistent Consistency Point Images in a File System."

36. NetApp has asserted that Sun infringes the '720 patent.

37. Sun has not infringed, and is not infringing, either directly or indirectly under Section 271, any claim of the '720 patent, either literally or under the doctrine of equivalents.

38. One or more claims of the '720 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et seq.*, including without limitation those of sections 102, 103 and/or 112.

39. The '720 patent is unenforceable for at least the reasons alleged in Sun's affirmative defenses, which are incorporated herein by reference.

40. An actual case or controversy exists between Sun and NetApp because NetApp filed a Counterclaim against Sun alleging infringement of the '720 patent. Absent a declaration of non-infringement, invalidity and/or unenforceability, NetApp will continue to wrongfully assert the '720 patent against Sun and thereby cause Sun irreparable injury and damage.

41. This case is exceptional and, pursuant to 35 U.S.C. § 285, Sun is entitled to an award of attorneys' fees.

42. Based on the foregoing, Sun seeks a judgment holding that the '720 patent is not infringed and is invalid and unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Sun respectfully requests the following relief:

A.   A declaration that Sun has not infringed and is not infringing, directly or indirectly, any claims of the '591, '417, '385, '873 and '720 patents;

B.   A declaration that the claims of the '591, '417, '385, '873 and '720 patents are invalid;

  C. A declaration that the '591, '417, '385, '873 and '720 patents are unenforceable under the doctrine of inequitable conduct;

  D. A declaration that NetApp and each of its officers, employees, agents, alter egos, attorneys, and any other persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Sun claiming that the '591, '417, '385, '873 and '720 patents are infringed, valid or enforceable, or from representing that Sun's products or services, or that others' use thereof, infringe the '591, '417, '385, '873 and '720 patents;

  E. An award to Sun of attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

  F. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Sun respectfully requests a trial by jury, pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: March 7, 2008

               DLA PIPER US LLP

               By _/s/ Christine K. Corbett_
               MARK D. FOWLER
               DAVID ALBERTI
               CHRISTINE K. CORBETT
               YAKOV M. ZOLOTOREV
               CARRIE L. WILLIAMSON
               Attorneys for Plaintiff-Counterclaim Defendant,
               Sun Microsystems, Inc.