1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  DAVID ALBERTI, Bar No. 220625
   david.alberti@dlapiper.com
3  CHRISTINE K. CORBETT, Bar No. 209128
   christine.corbett@dlapiper.com
4  YAKOV M. ZOLOTOREV, Bar No. 224260
   yakov.zolotorev@dlapiper.com
5  CARRIE L. WILLIAMSON, Bar No. 230873
   carrie.williamson@dlapiper.com
6
7  DLA PIPER US LLP
   2000 University Avenue
   East Palo Alto, CA  94303-2214
8  Tel:  650.833.2000
   Fax:  650.833.2001
9
   Attorneys for Plaintiff/Counterdefendant,
10  Sun Microsystems, Inc.

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15  SUN MICROSYSTEMS, INC., a Delaware     CASE NO.  C-07-05488 EDL
    corporation,
16                                          **JOINT CASE MANAGEMENT
                Plaintiff/Counterdefendant,  STATEMENT AND [PROPOSED] ORDER**
17
          v.
18
    NETWORK APPLIANCE, INC.
19
                Defendant/Counterplaintiff.
20

21         Sun Microsystems, Inc. ("Sun") and Network Appliance, Inc. ("NetApp") jointly submit

22  this Case Management Statement and Proposed Order and request the Court to adopt it as its Case

23  Management Order in this case.

24                        **DESCRIPTION OF THE CASE**

25         **1.     A brief description of the events underlying the action:**

26         On October 29, 2007, Sun filed its Complaint for Patent Infringement, Unfair Competition

27  Under the Lanham Act and Unfair Competition under California Business and Professions Code §

28  17200.

                                              -1-

1    On November 2, 2007, Sun filed its First Amended Complaint for Patent Infringement,

2    Unfair Competition Under the Lanham Act and Unfair Competition Under California Business

3    and Professions Code § 17200, alleging that NetApp has infringed and is infringing, directly and

4    indirectly under 35 U.S.C § 271, United States Patent Nos. 5,124,987 ("the '987 patent"),

5    5,430,855 ("the '855 patent"), 6,049,528 ("the '528 patent"), 6,421,787 ("the '787 patent"),

6    5,632,012 ("the '012 patent") and 5,721,937 ("the '937 patent") (collectively "the Sun Patents")

7    by making, using, selling, or offering for products, services, methods and/or systems, including

8    without limitation NetApp's Fabric Attached Storage products, NetApp's V-series products, and

9    NetApp's Nearstore products.  Sun seeks a permanent injunction to prevent future infringements

10   as well as damages adequate to compensate it for NetApp's past infringement and trebling of

11   damages pursuant to 35 U.S.C. § 284 because NetApp's infringement of the Sun Patents is and

12   has been willful.  Sun further alleges that NetApp has engaged in unfair competition under the

13   Lanham Act and under California Business and Professions Code § 17200 et seq. and seeks

14   damages relating thereto.

15   On December 21, 2007, NetApp filed its Answer and Counterclaim to First Amended

16   Complaint, denying the material allegations of the Amended Complaint and asserting a number of

17   affirmative defenses and counterclaims.  NetApp denies infringing any of the Sun Patents and

18   alleges that Sun infringes United States Patent Nos. 6,574,591 ("the '591 patent"), 6,868,417

19   ("the '417 patent"), 7,107,385 ("the '385 patent") and 7,130,873 ("the '873 patent").  NetApp

20   further seeks a declaratory judgment that the Sun Patents are each not infringed, invalid and/or

21   unenforceable.  NetApp seeks a permanent injunction to prevent future infringements as well as

22   damages adequate to compensate it for Sun's past infringement and trebling of damages pursuant

23   to 35 U.S.C. § 284 because Sun's infringement of these patents is and has been willful.  NetApp

24   further alleges that Sun has engaged in unfair competition under the Lanham Act and under

25   California Business and Professions Code § 17200 et seq. and seeks damages relating thereto.

26   On January 14, 2008, Sun filed its Reply to NetApp's Answer and Counterclaims,

27   denying the material allegations of NetApp's Answer and Counterclaim and asserting a number

28   of affirmative defenses and counterclaims.  Sun denies infringing any of the NetApp Patents.

DLA PIPER US LLP
EAST PALO ALTO
EM\7227016.1
347155-29
-2-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL

1    Pursuant to Court Order, on February 19,2008, NetApp filed a Supplemental Answer and

2    Counterclaims, asserting infringement of United States Patent No. 7,313,720 ("the '720 patent"),

3    in addition to the '591 patent, '417 patent, '385 patent and '873 patent (collectively, "the NetApp

4    Patents"). With respect to the NetApp Patents, NetApp seeks a permanent injunction to prevent

5    future infringements as well as damages adequate to compensate it for Sun's past infringement

6    and trebling of damages pursuant to 35 U.S.C. § 284 because Sun's infringement of these patents

7    is and has been willful. On March 7, 2008, Sun filed its reply to NetApp's Supplemental Answer

8    and Counterclaims, denying the material allegations of NetApp's Supplemental Answer and

9    Counterclaims and asserting a number of affirmative defenses and counterclaims. Sun denies

10   infringing any of the NetApp Patents. Sun further seeks a declaratory judgment that the NetApp

11   Patents are each not infringed and are invalid and unenforceable.

12        **2.    The principal factual issues which the parties dispute:**

13        (a)    Whether any of the Sun Patents are infringed by any of NetApp's products.

14        (b)    Whether any of the NetApp Patents are infringed by any of Sun's products.

15        (c)    Whether any claims of the Sun Patents or the NetApp Patents are invalid.

16        (d)    If one or more of the Sun Patents are infringed (and not invalid or

17   unenforceable), what damages and/or other relief would be appropriate.

18        (e)    If one or more of the NetApp Patents are infringed (and not invalid or

19   unenforceable), what damages and/or other relief would be appropriate.

20        (f)    If one or more of the Sun Patents are infringed (and not invalid or

21   unenforceable), whether that infringement was willful.

22        (g)    If one or more of the NetApp Patents are infringed (and not invalid or

23   unenforceable), whether that infringement was willful.

24        (h)    Whether NetApp engaged in unfair competition under the Lanham Act

25   and/or California Business and Professions Code § 17200 and, if so, the amount of damages that

26   are appropriate.

27        (i)    Whether Sun engaged in unfair competition under the Lanham Act and/or

28   California Business and Professions Code § 17200 and, if so, the amount of damages that are

DLA PIPER US LLP
EAST PALO ALTO
EM\7227016.1
347155-29
-3-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL

1    appropriate.

2        **3.    The principal legal issues which the parties dispute:**

3        (a)    How disputed terms in each asserted claim of the Sun Patents and the

4    NetApp Patents should be construed.

5        (b)    Whether any claims of the Sun Patents or the NetApp Patents are invalid.

6        (c)    Whether one or more of the '528 patent, '787 patent, '417 patent, '591

7    patent, '873 patent or '385 patent are unenforceable due to inequitable conduct before the United

8    States Patent and Trademark Office.

9        (d)    Whether either party's recovery, if any, is limited to any alleged

10    infringement committed no more than six years prior to the filing of that party's claims pursuant

11    to 35 U.S.C. § 286.

12        (e)    Whether NetApp is barred from obtaining the relief it seeks due to failure

13    to comply with the marking requirements of 35 U.S.C. § 287 and/or prosecution history estoppel.

14        (f)    Whether Sun is barred from obtaining the relief it seeks due to laches

15    and/or patent misuse.

16        (g)    If any infringement of the NetApp Patents or Sun Patents was willful,

17    whether increased damages should be awarded.

18        (h)    Whether either party is entitled to attorney's fees under 35 U.S.C. § 285 or

19    costs.

20        (i)    Whether NetApp engaged in unfair competition under the Lanham Act

21    and/or California Business and Professions Code § 17200.

22        (j)    Whether Sun engaged in unfair competition under the Lanham Act and/or

23    California Business and Professions Code § 17200.

24

25        **4.    The other factual issues *[e.g. service of process, personal jurisdiction,***

26    ***subject matter jurisdiction or venue]* which remain unresolved for the reasons stated below**

27    **and how the parties propose to resolve those issues:**

28        No such issues remain unresolved.

DLA PIPER US LLP
EAST PALO ALTO

EM\7227016.1
347155-29
                    JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
                    USDC CASE NO. C-07-05488 EDL

**5.     The parties which have not been served and the reasons:**

No parties remain to be served.

**6.     The additional parties that the below-specified parties intend to join and the intended time frame for such joinder:**

The parties do not intend to join any additional parties.

## CONSENT TO MAGISTRATE JUDGE FOR TRIAL

**7.     Both parties consent to assignment of this case to Magistrate Judge Laporte for jury trial.

## ALTERNATIVE DISPUTE RESOLUTION

**8.     A settlement conference before Judge Spero has been scheduled for June 24, 2008.

## DISCLOSURES

**10.     The parties certify that they have made the following disclosures:

Both parties have timely served their Fed. R. Civ. P. 26(a)(1) initial disclosures.

## DISCOVERY & MOTIONS

**11.     The parties agree to the following discovery plan:

Stipulated Discovery Limits.

| | | |
|---|---|---|
| Doc. Req.: | Pltf. no limit | Def. no limit |
| Req. Adm.: | Pltf. no limit | Def. no limit |
| Interrogatories[1]: | Pltf. 40 | Def. 40 |

**Depositions.** The parties agree that there should be no limit on the total number of depositions taken by each party. The parties further agree that the seven-hour limit set forth in Fed. R. Civ. P. 30(d)(2) should apply, with two exceptions. First, inventor depositions shall be

---

[1] The parties agree that no interrogatory shall be objectionable as containing sub-parts on the ground that a single interrogatory requires a response as to some or all of the patents in suit.

DLA PIPER US LLP
EAST PALO ALTO

EM\7227016.1
347155-29

-5-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL

1   limited to one day per patent. If a party wishes to exceed these limits without agreement from the

2   other side, the party will need to show good cause. There is a soft presumptive limit of 14 hours

3   for Rule 30(b)(6) depositions. Deposition time of someone deposed as an individual does not

4   count towards 30(b)(6) deposition time. The parties further agree that any deposition transcript

5   from the 6053 Case may be used or relied upon for any purpose in the 5488 Case (and vice-

6   versa).

7          **Service by email.** The parties have agreed that, when practical, documents

8   concerning this action should be served by email to each of the attorneys of record in this action.

9   Documents served by email will be treated as though served by hand on the date email service

10  occurs. The deadline for serving documents to comply with a discovery, rule-based, or court-

11  ordered deadline is Midnight, Pacific time.

12

13         **Service of Re-examination Documents.** In addition to the discovery limits set

14  forth above, the parties agree that they will serve litigation counsel with copies of documents

15  submitted to or received from the USPTO in connection with a request for re-examination of a

16  patent-in-suit. In the case of documents submitted to the USPTO, service will occur via email on

17  the same day as the submission is made. In the case of documents received from the USPTO,

18  service will be made via email within three business days of receipt.

19         **Protective Order.** The Court entered a protective order on March 3, 2008.

20         **Case Schedule.**

21  The parties' proposed schedule is as follows:

22

| Event | Date |
|---|---|
| Deadline to serve Rule 26(a) initial disclosures | March 20, 2008 |
| Deadline to submit to court Rule 26(f) conference report | March 24, 2008 |
| Initial Rule 16 Management Conference | March 31, 2008 |
| Deadline for party claiming patent infringement to serve Disclosure of Asserted Claims and Infringement Contentions and produce documents *PR 3-1, 3-2.* | April 10, 2008 |

DLA PIPER US LLP
EAST PALO ALTO

EM\7227016.1
347155-29

-6-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL

| Event | Date |
|---|---|
| Deadline for PR 3-3 Invalidity Contentions (and PR 3-4 document production) to be served. To extent not already required to be disclosed, exchange Mandatory Disclosures other than information directed solely toward damages. *PR 3-3, 3-4.* | May 30, 2008 |
| Deadline for parties to exchange proposed terms for construction and identify any claim element governed by 35 U.S.C. Section 112(6) *PR 4-1.* | June 13, 2008 |
| Deadline for parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same *PR 4-2.* | June 27, 2008 |
| Deadline to file Joint Claim Construction and Prehearing Statement; provide an estimate of how many pages are needed to brief the dispute. *PR 4-3.* | August 6, 2008 |
| Deadline to complete claim construction discovery *PR 4-4.* | September 3, 2008 |
| Deadline for party claiming patent infringement to file opening claim construction brief *PR 4-5(a).* | September 12, 2008 |
| Deadline to file responsive brief and supporting evidence *PR 4-5(b).* | September 26, 2008 |
| Deadline for party claiming patent infringement to serve and file reply claim construction brief *PR 4-5(c).* | October 10, 2008 |
| Claim Construction Hearing *PR 4-6.* | *October 31, 2008* |

## TRIAL SCHEDULE

**12.     The parties request a trial date as follows:**

Both parties have demanded trial by jury on all issues for which trial by jury is allowed. The parties request that a trial date be set at a Further Case Management Conference following the Court's Markman ruling.

DLA PIPER US LLP
EAST PALO ALTO

EM\7227016.1
347155-29

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL

1    **13.    The parties expect that the trial will last for the following number of**

2    **days:**

3        A determination of the number of days required for the trial would best be made at a

4    Further Case Management Conference following the Court's Markman ruling.

5                            **ADDITIONAL ISSUES**

6        1.    **Sun's Reply to NetApp's Supplemental Answer and Counterclaims**:

7        When Sun filed its Reply to NetApp's Answer and Counterclaims on January 14, 2008,

8    Sun inadvertently failed to include a declaratory judgment counterclaim regarding the NetApp

9    Patents. Sun has since remedied this inadvertent mistake in its Reply to NetApp's Supplemental

10   Answer and Counterclaims, filed on March 7, 2008. NetApp does not object to Sun's inclusion

11   of a declaratory relief action vis-à-vis the NetApp Patents. Pursuant to Rule 13(f), Sun

12   respectfully requests that the Court permit Sun to rely on its March 7, 2008 Reply to NetApp's

13   Supplemental Answer and Counterclaims.

14       2.    **Patent Local Rule 2-1(a)**: With respect to the topics listed in Patent L.R.

15   2-1(a), the parties do not at this time believe that there is a need for any specific limits on

16   discovery related to claim construction. The parties believe that it is premature to address

17   whether live testimony should be heard at the claim construction hearing, the order of

18   presentation, or the scheduling of a claim construction pre-hearing conference at this time. The

19   parties will discuss these issues with each other as discovery proceeds and will make a joint

20   proposal to the Court concerning the logistics for the *Markman* hearing.

21   //

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

DLA PIPER US LLP
EAST PALO ALTO

EM\7227016.1
347155-29

1

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

2    Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the

3    brochure entitled "Dispute Resolution Procedures in the Northern District of California,"

4    discussed the available dispute resolution options provided by the court and private entities and

5    has considered whether this case might benefit from any of the available dispute resolution

6    options.

7

8    Dated: March ____, 2008                        _____
                                                     Sun Microsystems, Inc.

9

10

11   Dated:  March 24, 2008

12                                                   DLA PIPER US LLP

13                                                   By   /s/ Christine K. Corbett
                                                     _____
14                                                         MARK  D. FOWLER
                                                           DAVID ALBERTI
15                                                         CHRISTINE K. CORBETT
                                                           YAKOV M. ZOLOTOREV
16                                                         CARRIE L. WILLIAMSON
                                                           Attorneys for Plaintiff and Counterdefendant,
17                                                         Sun Microsystems, Inc.

18

19   Dated: March 24, 2008                          _____/s/ Gary Ross_____
                                                    Network Appliance, Inc.

20

21   Dated: March 24, 2008                          _____/s/ Edward R. Reines_____

22                                                  Matthew D. Powers
                                                    Edward R. Reines
23                                                  Jeffrey G. Homrig
                                                    Jill J. Ho
24                                                  WEIL, GOTSHAL & MANGES LLP
                                                    201 Redwood Shores Parkway
25                                                  Redwood Shores, CA 94065
                                                    Telephone: (650) 802-3000
26                                                  Facsimile: (650) 802-3100

27                                                  Attorneys for Defendant,
                                                    Network Appliance, Inc.

28

DLA PIPER US LLP
EAST PALO ALTO

EM\7227016.1
347155-29

-9-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL

1    **SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

2        Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the

3    brochure entitled "Dispute Resolution Procedures in the Northern District of California,"

4    discussed the available dispute resolution options provided by the court and private entities and

5    has considered whether this case might benefit from any of the available dispute resolution

6    options.

7

8    Dated: March 21, 2008

                                          Sun Microsystems, Inc.

9

10

11    Dated:  March __, 2008

12

                                            DLA PIPER US LLP

13

14                                         By _____

                                              MARK  D. FOWLER

15                                              DAVID ALBERTI

                                              CHRISTINE K. CORBETT

16                                                YAKOV M. ZOLOTOREV

                                              CARRIE L. WILLIAMSON

17                                              Attorneys for Plaintiff and Counterdefendant,

                                              Sun Microsystems, Inc.

18

19    Dated: March ___, 2008

                                          _____

20                                          Network Appliance, Inc.

21    Dated: March ___, 2008

22                                          _____

                                          Matthew D. Powers

23                                          Edward R. Reines

                                          Jeffrey G. Homrig

24                                          Jill J. Ho

                                          WEIL, GOTSHAL & MANGES LLP

25                                          201 Redwood Shores Parkway

                                          Redwood Shores, CA 94065

26                                          Telephone: (650) 802-3000

                                          Facsimile: (650) 802-3100

27                                          Attorneys for Defendant,

                                          Network Appliance, Inc.

28

DLA PIPER US LLP
East Palo Alto

EMV7227016.1
347155-29

-9-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL

1

## CASE MANAGEMENT ORDER

2    The Case Management Statement and Proposed Order is hereby adopted by the Court as

3    the Case Management Order for the case and the parties are ordered to comply with this Order.

4    In addition the Court orders:

5    _____

6    _____

7    _____

8    _____

9

10    Plaintiff is ordered to serve a copy of this order on any party subsequently joined in this

11    action.

12

13    Dated: _____

                                                  ELIZABETH D. LAPORTE

14                                                      United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
EAST PALO ALTO

EM\7227016.1
347155-29

-10-
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL