UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUN MICROSYSTEMS, INC.,

    Plaintiff,

v.

NETWORK APPLIANCE, INC.,

    Defendant.
_____/

No. C-07-05488 EDL

CASE MANAGEMENT SCHEDULING ORDER

Following the Case Management Conference held on March 31, 2008, IT IS HEREBY ORDERED THAT:

A further case management conference is set for July 22, 2008 at 3:00 p.m. before Magistrate Judge Laporte in Courtroom E, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. An updated joint case management conference statement shall be filed no later than July 15, 2008. The purpose of this status conference is to discuss the logistics and parameters of the claim construction briefing and hearing, including the number of terms the Court will construe. While the parties have not stipulated to use of the new local patent rules, the parties are advised that the Court will likely require them to prioritize disputed patent claims as set forth in new Patent Local Rule 4-1(b).

Pursuant to Fed. R. Civ. P. 16, IT IS FURTHER ORDERED THAT the following case management and pretrial order is entered:

    1.    <u>PATENT LOCAL RULE EXCHANGES AND CLAIM CONSTRUCTION</u>

        a.    Disclosure of asserted claims and infringement contentions and document production pursuant to Patent L.R. 3-1 and 3-2 shall be made by April 10, 2008.

    b. Patent L.R. 3-3 preliminary invalidity contentions and L.R. 3-4 document production are due no later than May 30, 2008. To extent not already disclosed, the parties shall also exchange mandatory disclosures other than information directed solely toward damages by this date.

    c. Patent L.R. 4-1 exchange of proposed terms and claims elements for construction shall occur no later than June 13, 2008.

    d. Patent L.R. 4-2 exchange of preliminary claim constructions and extrinsic evidence shall occur no later than June 27, 3008.

    e. The parties shall file a Patent L.R. 4-3 joint claim construction statement and provide an estimate of how many pages are needed to brief the dispute no later than August 6, 2008.

    f. Claim construction discovery shall be completed by September 3, 2008.

    g. The parties claiming patent infringement shall file and serve opening claim construction briefs pursuant to Patent L.R. 4-5(a) no later than September 12, 2008.

    h. Opposition claim construction briefs pursuant to Patent L.R. 4-5(b) shall be filed and served no later than September 26, 2008.

    i. Reply claim construction briefs shall be filed and served no later than October 10, 2008.

    j. The Court will hold a claim construction tutorial on August 4, 2008 at 9:00 a.m. in related case number 07-6053. The parties shall notify the Court as to whether an additional tutorial will be necessary in this case prior to filing their opening claim construction briefs.

    k. The Court will hold a Patent L.R. 4-6 claim construction hearing on October 31, 2008 at 9:30 a.m.

    l. After the Court construes the claims, it will set a further case management conference, during which it will set prompt dates for the rest of the case.

   2. DISCOVERY

    a. As the parties have so stipulated, the Court will not set limits to the number of depositions, requests for documents, and requests for admission. Each side shall be limited to 40 interrogatories, but this takes into account the parties' agreement that no interrogatory shall be objectionable as containing sub-parts on the ground that a single interrogatory requires a response as to some or all of the patents in suit. Regarding deposition length, the seven hour limit applies, with two

exceptions. First, inventor depositions shall be limited to one day per patent. If a party wishes to exceed these limits without agreement from the other side, the party will need to show good cause. There is a soft presumptive limit of 14 hours for Rule 30(b)(6) depositions. Deposition time of someone deposed as an individual does not count towards 30(b)(6) deposition time. Any deposition transcript from the 07-6053 case may be used or relied upon for any purpose in this case (and vice-versa).

      b.      Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court. The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel. **In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cutoff date.**

      c.      Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where the resolution during the event likely would result in substantial savings of expense or time.

      d.      **Privilege logs.** If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of identically situated documents:

      1.      The name, job title, or capacity of the author;

      2.      The name, job title, or capacity of each recipient;

      3.      The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

      4.      The title and description of the document;

      5.      The subject matter addressed in the document;

      6.      The purpose(s) for which it was prepared or communicated; and

7. The specific basis for the claim that it is privileged.

The privilege log production shall be governed by the parties' stipulation. To the extent that this order conflicts with the parties' Court-approved stipulations, those stipulations govern.

e. In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced <u>all</u> such materials so described that are locatable after a diligent search of <u>all</u> locations at which such materials might plausibly exist.

f. Before filing a discovery motion with the Court, the parties shall file a two page joint letter notifying the Court of the nature of the dispute and how the parties would like the Court to handle the dispute.

3. <u>ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE</u>

This matter is referred to Magistrate Judge Spero for settlement as a settlement conference is scheduled on June 24, 2008 in the related case C07-6053 EDL.

Finally, to the extent that the parties have stipulated to certain items in their joint case management statement not discussed above, these are hereby incorporated into this order.

Dated: April 1, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge