...

MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
DAVID ALBERTI, Bar No. 220625
david.alberti@dlapiper.com
CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@dlapiper.com
YAKOV M. ZOLOTOREV, Bar No. 224260
yakov.zolotorev@dlapiper.com
CARRIE L. WILLIAMSON, Bar No. 230873
carrie.williamson@dlapiper.com

DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Plaintiff/Counterdefendant,
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>NETWORK APPLIANCE, INC.<br><br>Defendant/Counterplaintiff. | CASE NO. C-07-05488 EDL<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's April 2, 2008 Case Management Scheduling Order Sun Microsystems, Inc. ("Sun") and NetApp, Inc., formerly Network Appliance, Inc., ("NetApp"), submit this Updated Joint Case Management Statement to address the logistics and parameters of the claim construction briefing and hearing, including the number of terms the Court will construe.

The parties disagree as to the logistics and parameters of the claim construction briefing and hearing. The parties' respective positions are set forth below.

DLA PIPER US LLP
EAST PALO ALTO

347155-29
WEST\21466497.1

-1-
UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL

**Sun's Position**:

Sun is the plaintiff in this action. Sun is asserting six strong Sun patents against NetApp. Sun has very compelling infringement claims against NetApp on all six patents, and NetApp has not identified any prior art posing an invalidity threat to any of the six patents.

NetApp asserts five patents in this action. Thus, unlike the 6053 action, in which the parties collectively assert 20 patents, only 11 patents are at issue in this action. Sun proposes that the parties identify and address in their Joint Claim Construction Statement each disputed claim term in the 11 patents-in-suit. Sun further proposes the parties each identify (and prioritize) 15 claim terms among the 11 patents-in-suit as the highest priority claim terms to be construed.

Sun's proposal is consistent with the Court's June 5, 2008, Case Management Order in the 6053 action, wherein the Court ordered the parties to prioritize 20 claim terms among eight of the patents-in-suit. Under Sun's proposal in this case, each party would prepare a chart for the 15 highest priority claim terms that identifies the term to be construed, along with a statement of why these terms need to be construed, including a statement of which party (or both) would be seeking summary judgment on the basis of that term and why, and how such terms relate to claims or defenses that will be presented at trial.

NetApp proposes the parties be limited to briefing claim construction as to only three patents-in-suit per side (*i.e.*, that three of Sun's six patents-in-suit be eliminated from consideration, and that two of NetApp's five patents be eliminated from consideration). Sun objects to such a substantial reduction of its case. Sun has very compelling infringement claims against NetApp on all six Sun patents-in-suit, and Sun should not be subjected to what amounts to a stay of three of its six patents – half of its case.

NetApp's proposal to reduce the number of patents to be construed initially also is unwarranted in terms of the Court's and the parties' workloads. In particular, the Court concluded in the 6053 action that construing eight patents was feasible for the Court. The difference in construing eleven versus eight patents is not substantial and would not significantly impact the workload of either the parties or the Court. (This stands in contrast to the Court's

DLA PIPER US LLP
EAST PALO ALTO

347155-29
WEST\21466497.1

-2-
UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL

reduction of the number of patents to be construed in the 6053 action from 20 to 8). The substantive prejudice to Sun of having strong infringement claims removed from consideration at this relatively early stage in the case far outweighs any marginal workload benefit that might be realized by NetApp's proposed "trimming."[1]

**NetApp's Position:**

In the 6053 case, the parties came to the table with a multitude of patents and hundreds of asserted claims, covering technologies ranging from microprocessors to network switches to data storage systems. Recognizing the inherent difficulties in managing such a case, the Court wisely divided the dispute into two manageable phases. Specifically, the Court asked the parties to select eight of the 20 patents-in-suit for immediate proceedings, and deferred the remaining 11 patents for later consideration. In the case at bar, the parties and Court now find themselves in essentially the same situation. The experience of the 6053 case thus provides a procedural roadmap.

Indeed, this case, like the 6053 case, involves a large number of patents (11) pertaining to a wide range of technologies, such as microprocessor design, networking, distributed data storage, and filesystems. As a result, the considerations that led the Court to trim down the number of patents for claim construction in the 6053 case apply with equal force here. Given that the parties bring an almost equal number of patents to this case (Sun brings six, while NetApp brings five), NetApp proposes that the upcoming claim construction proceedings be limited to three patents from each side As in the 6053 case, this will allow both parties to choose what they consider to be their best patents for an even-handed and manageable proceeding.

Trimming the number of patents for claim construction will have several benefits. First, focusing claim construction on six patents creates a universe of information that, while still

---

[1] If the Court is inclined to reduce the number of patents to be initially construed in this case, the number of patents to be construed certainly should not be fewer than the eight patents construed in the 6053 case. Further, if the number of patents to be construed is to be limited, Sun respectfully requests that the number of patents be reduced in proportion to the number of patents originally asserted by the parties – rather than unfairly "equalize" the number of patents asserted by the parties, as NetApp now proposes.

DLA PIPER US LLP
EAST PALO ALTO

347155-29
WEST\21466497.1

-3-
UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL

formidable, is reasonable for the Court to master given its Court's strong capability. Second, trimming the number of patents ensures that claim construction disputes for each patent will be explored more thoroughly. This is important, because both parties anticipate that, irrespective of how it resolves this dispute, the Court will limit the number of terms that it elects to construe at this stage of the case. As a result, the more patents that proceed to claim construction, the fewer the number of disputes that will be resolved for each patent, and the more likely it is that continuing claim construction disputes will prevent patents from proceeding efficiently through summary judgment and trial. Trimming to six patents for claim construction reduces this risk greatly by nearly doubling the depth to which disputes can be resolved.

Sun's position on the other hand, is the same position it took in the 6053 case, which is to again ignore the central problem: while the Court reasonably expects a manageable claim construction process, the parties have asserted against each other 175 different claims-in-suit (106 of which are Sun's claims) across 11 different patents. Thus, the parties need to address not just the number of disputed terms, but rather the overall scope of asserted patents, which gives rise to those disputes and renders a one-track claim construction process unworkable. Sun's repeated and stubborn refusal to face this fact – that it is unreasonable and impractical to ask the Court to understand 11 different patents, and up to 175 asserted claims concerning everything from low-power microprocessors to Ethernet trunking to filesystems in one claim construction hearing – places its whole position on a foundation of quicksand. Essentially, rather than making intelligent judgments now about which are the top patents it wants to prioritize, Sun is forcing the Court to wrestle with all of these complex patents, which will only serve to burden the Court and slow the case.

Sun's approach also limits greatly the ability of claim construction to resolve disputes and advance the patents to summary judgment and trial. Were the Court to apply the same limits on terms as it applied in the 6053 case, under Sun's proposal a party would not be able to address a potentially critical claim construction for as many as four patents-in-suit. This virtually guarantees that unresolved claim construction disputes will hamstring efforts to resolve the

DLA PIPER US LLP
EAST PALO ALTO

347155-29
WEST\21466497.1

-4-
UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL

parties claims on summary judgment and at trial. And it obviously has the further disadvantage of putting the Court at an increased risk of error by failing to construe a claim term for which there is a meaningful dispute. *See O2 Micro Intern. Ltd. v. Beyond Innovation Technology Co., Ltd.*, 521 F.3d 1351 (Fed Cir. April 3, 2008) (vacating and remanding the verdict: "When the parties raise an actual dispute regarding the proper scope of the claims, the court, not the jury, must resolve that dispute."). At a minimum, it will force the Court to address claim construction disputes in the context of summary judgment motions, or to hold a second claim construction hearing.

As in the 6053 case, the choice for the Court is between thoroughly addressing each side's best three patents in an organized and efficient proceeding or performing the less welcome job of adjudicating claim construction disputes among 175 asserted claims in 11 patents, with the parties only later picking and choosing their preferred patents – and identifying additional unresolved claim construction disputes before, during and/or after trial.

Dated: July 15, 2008

                              DLA PIPER US LLP

                              By    /s/ Christine K. Corbett
                              MARK D. FOWLER
                              CHRISTINE K. CORBETT
                              CARRIE L. WILLIAMSON
                              Attorneys for Plaintiff and Counterdefendant,
                              Sun Microsystems, Inc.

Dated: July 15, 2008                        /s/ Jill J. Ho
                              Matthew D. Powers
                              Edward R. Reines
                              Jeffrey G. Homrig
                              Jill J. Ho
                              WEIL, GOTSHAL & MANGES LLP
                              201 Redwood Shores Parkway
                              Redwood Shores, CA 94065
                              Telephone: (650) 802-3000
                              Facsimile: (650) 802-3100

                              Attorneys for Defendant and Counterclaimant,
                              NetApp, Inc.

DLA PIPER US LLP
EAST PALO ALTO

347155-29
WEST\21466497.1

-5-
UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
USDC CASE NO. C-07-05488 EDL