IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN MICROSYSTEMS, INC., | No. C-07-05488 EDL |
| | Related Case No. C 07-6053 EDL |
| Plaintiff, | |
| | **ORDER FOLLOWING CASE** |
| v. | **MANAGEMENT CONFERENCE** |
| NETWORK APPLIANCE, INC., | |
| Defendant. | |

  Following the July 22, 2008 Case Management Conference in the above captioned case, it is HEREBY ORDERED that the parties shall jointly provide the Court with a list of no more than 15 proposed terms for claim construction. Sun may suggest terms from up to five patents, and NetApp may suggest terms from up to four patents. The parties shall prepare a chart for these claim terms that identifies the term to be construed, along with a statement of why these terms need to be construed, including a statement of which party (or both) would be seeking summary judgment on the basis of that term and why, and how such terms relate to claims or defenses that will be presented at trial. The parties shall also disclose any collateral reasons that they seek construction of such terms, such as ensuring that a party's future products will be safely outside the scope of an asserted patent. The Court will then examine the list of patents and determine the number of claim terms it will construe, which will likely be less than 14, given the fact that there are fewer patents at issue in this case than in related case 07-6053. The parties shall provide this chart to the Court no later than **August 7, 2008.**

  Regarding related case number 07-6053, IT IS FURTHER ORDERED that the patent tutorial scheduled for August 4, 2008 is continued to **August 11, 2008** at 10:00 a.m. The Court has reviewed the parties' briefs and has determined that a tutorial will be helpful. The Court expects

that the tutorial will not exceed two hours, and need not consist of anything elaborate or expensive. The parties need not prepare material for the tutorial for the Sun '106 or the Sun '857 patents. For the '095, '630, '292, '211, and '715 patents, the parties should be prepared to briefly discuss the general technology at issue in the inventions, explain the key figures in the patents (perhaps using some very simple visual displays), and explain some of the technological terms at issue. The parties may point out where they dispute the meaning of some of the technological terms, but they should not delve into their arguments supporting their definition of the various terms. However, some basic description of technological terms such as storage control units, redundancy group, frames, distributors, buffers, inode blocks, and data blocks, among others, would be helpful to the Court. The claim construction hearing set for August 27, 2008 shall be set for 9:30 a.m. to 3:00 p.m., with an hour and a half lunch break.

**IT IS SO ORDERED.**

Dated: July 25, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge