IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN MICROSYSTEMS, INC., | No. C-07-05488 EDL |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S REQUEST TO AMEND INFRINGEMENT CONTENTIONS** |
| NETWORK APPLIANCE, INC., | |
| Defendant. | |

By joint letter brief filed February 18, 2009, Sun requests leave to amend its infringement contentions for the '987 patent to include eight dependent claims (claims 10-11 and 58-63); NetApp opposes leave to amend. The parties' meet and confer attempt failed to resolve this dispute.

Former Patent Local Rule 3-7, which applies to cases filed before March 1, 2008, allows amendment of the preliminary or final contentions, other than as permitted in former Rule 3-6, only by order of the Court "upon a showing of good cause." The revised Patent Local Rule 3-6, effective for cases filed after March 1, 2008, provides examples of circumstances that may support a finding of good cause: (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Sun contends that it has good cause to amend its infringement contentions. Specifically, Sun states that only in January 2009 did it discover nonpublic information that NetApp infringes the "segment cleaning" functionality claimed in dependent claims 10 and 58 of the '987 patent, based on document review and analysis of NetApp's source code which revealed that the segment cleaning

functionality was implemented in NetApp's products, beginning with Data OnTap 7.2. Sun also contends that NetApp would not suffer undue prejudice if it amends its infringement contentions because the new dependent claims are similar to previously asserted dependent claims.

NetApp responds that Sun has had access to NetApp's "NOW" internet-based customer support system since January 2008, which describes NetApp's "segment cleaning" feature and states that it is also known as "aggregate reallocation," a feature that is described in dozens of accused product documents on the NOW system. NetApp also points out that Sun has had access to the source code for Data OnTap 7.2 since May 2008. Sun counters that the NOW documents describing "aggregate reallocation" do not "clearly" link that feature with segment cleaning. Sun also contends that descriptions of "aggregate reallocation" do not disclose that this functionality operates on sets of stripes, which is required by the Court's construction of "first available memory space." However, Sun does not dispute that it has had access to the source code since May 2008. While the customer support documentation by itself may not have disclosed sufficient detail about the segment cleaning/aggregate reallocation feature to support the proposed new infringement contentions, at a minimum it should have alerted Sun to the need to more quickly examine the source code to ascertain in more detail how this feature worked. The delay is prejudicial to NetApp which correctly points out that only two months remain for discovery, and Sun's proposed additions would require NetApp to further develop its non-infringement position, investigate identified prior art and potentially search for further prior art.

The Court concludes that Sun has not demonstrated good cause for amendment of its infringement contentions, and that amendment at this stage of litigation would unduly prejudice NetApp. Sun's request to amend its infringement contentions is therefore denied.

**IT IS SO ORDERED.**

Dated: February 27, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge