IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK APPLIANCE INC,<br><br>    Plaintiff,<br><br>  v.<br><br>SUN MICROSYSTEMS INC,<br><br>    Defendant._____/ | No. C-07-06053  EDL<br>No. C-07-05488  EDL<br><br>**ORDER REGARDING DISCOVERY LETTERS** |

    The parties have filed multiple discovery letters in their related patent cases. Pursuant to the Court's February 12, 2008 Case Management Scheduling Order in the 6053 case and the April 2, 2008 Case Management Scheduling Order in the 5488 case, "[b]efore filing a discovery motion with the Court, the parties shall file a two page joint letter notifying the Court of the nature of the dispute and how the parties would like the Court to handle the dispute." Here, the parties have filed numerous letters, some as long as twelve single-spaced pages, outlining their discovery disputes. Some of the letters are unilateral. For some of the discovery requests, the parties have not meaningfully met and conferred. These letters are in violation of the Court's case management orders. While the Court has entertained some letters in the past and generally strives to informally aid the parties' with their discovery disputes when possible, given the volume of the letters here and their excessive length, the letters are stricken. Further, the Court warns the parties that it will not allow letters in the future, but will instead require full compliance with the local rules if the parties abuse the expedited process again.

    The parties shall further meet and confer on the issues raised in the letters. The parties may file a single joint two page letter in each case summarizing the relevant remaining disputes, if any,

1  along with a proposal of how the Court should handle said disputes no later than Friday, June 5,
2  2009.

3        While the Court strikes the letters, it has very cursorily reviewed them, on the limited record,
4  without the benefit of further background information or briefing of legal authority, and offers the
5  following limited tentative guidance in order to help forestall the parties coming back with these
6  disputes and to aid their efforts to meet and confer.  As to Mr. Hitz's deposition, the Court may be
7  inclined to order Mr. Hitz to be deposed further if Sun has specific additional Rule 30(b)(6) topics
8  that were not already covered during his deposition.  As to the deposition of Noreen Krall, the Court
9  may be inclined to allow very limited testimony as to the IP monetization efforts program only (as
10 opposed to her role in pre-lawsuit negotiations), although that deposition could not, of course, cover
11 matters that are attorney-client privileged.  As to the deposition of Jonathan Schwartz, since both
12 parties are deposing CEOs, they should agree to a time limit for those depositions, but if they cannot
13 so agree, the Court is inclined to set a limit somewhere between four and seven hours (in total, for
14 all three cases).

15       As to NetApp's requests for documents responsive to the Court's May 5 Order compelling
16 discovery, Sun's vendor's estimate that its search will be completed by June 19, 2009 may well be
17 reasonable, given the number of documents at issue.

18       The parties should further meet and confer about the deposition of John Fowler, Sun's
19 unilateral letters regarding discovery, the Solaris and ZFS source code, and the TAC Working Group
20 discovery requests, as it appears that the parties have not meaningfully met and conferred regarding
21 such issues.

22       As to the issues regarding StorageTek litigation documents, Sun maintains it has produced
23 all documents related to the '857 patent in that litigation, and if so, Sun should produce a sworn
24 declaration so stating.  It appears that Sun is reviewing the documents relating to the securities
25 litigation, and the parties should further meet and confer regarding those documents.  Finally, as to
26 the Rule 30(b)(6) depositions, it appears that Sun has produced all of its employees with relevant
27 knowledge of Iceberg and has agreed to produce a witness to testify about Sun's decision to acquire
28 StorageTek, but if NetApp believes that Sun's production has been inadequate, the parties shall

1 further confer.

2 **IT IS SO ORDERED.**

3 Dated: May 29, 2009

*Elizabeth D. Laporte*
_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California