IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETWORK APPLIANCE INC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUN MICROSYSTEMS INC,<br><br>　　　　Defendant.<br>_____/ | No. C-07-06053 EDL<br>No. C-07-5488 EDL<br><br>**ORDER REGARDING DISCOVERY LETTERS; ORDER DENYING SHORTENED TIME ON SUN'S MOTION TO STRIKE PORTIONS OF NETWORK APPLIANCE, INC.'S EXPERT REPORTS** |

　　　　The parties filed two discovery letters on June 5, 2009 after the Court struck numerous, voluminous discovery letters which were in violation of this Court's prior orders. The two letters exceeded the two-page limit established by the Court and were written in an exceedingly small font. In addition, the Court is unable to resolve these types of issues without the benefit of normal motion practice under the Local Rules. Therefore, the Court hereby orders that the parties may no longer use the discovery letter procedure in their three related patent cases without advance permission.

　　　　On the limited record, and without the benefit of further background information or briefing of legal authority, the Court offers the following tentative guidance in order to help forestall the parties coming back with these disputes and to aid their efforts to meet and confer. As to the discovery letter in the 5488 case, regarding the deposition of Jonathan Schwartz, the Court is inclined to allow NetApp to depose Mr. Schwartz for some additional time, but would also allow Sun to depose NetApp's CEO on two separate days. Regarding the inventor depositions, the Court is inclined to allow up to four hours of additional deposition time per inventor. As to the interrogatories, it appears that the meet and confer process was started too late, and the interrogatories in general seem both broad and burdensome.

　　　　As to the letter in the 6053 case, the Court requires a regularly briefed motion regarding the

issue of supplementing invalidity contentions and infringement contentions. As to the dispute regarding the deposition of Noreen Krall, NetApp may depose her for 3.5 more hours. As to the deposition of David Hitz, Sun may depose him for an additional seven hours as a Rule 30(b)(6) witness. As to the interrogatories, they seem quite broad, but the Court does not have enough information to further comment. As to the total number of interrogatories, the Court will not engage in a counting exercise on this issue, and the parties should meet and confer.

As to Sun's request to shorten time on its motion to strike portions of NetApp's expert reports, the Court cannot decide that motion on the unrealistically short schedule proposed by Sun. If Sun contends that it cannot complete its rebuttal report on time, Sun may meet and confer with NetApp about extending the time to exchange rebuttal expert reports, and the Court will entertain a request to extend that time, although it does not want to disturb the summary judgment schedule. Accordingly, good cause not having been shown, the Court hereby DENIES Sun's request for shortened time. Rather than set a briefing schedule for Sun's motion at this point, however, the Court orders the parties to meet and confer about a briefing schedule for any motions to amend their infringement contentions, as it seems the Court may first need to resolve this issue before deciding whether or not to strike any expert reports, as well as Sun's motion and NetApp's yet-to-be-filed motion to strike expert reports. The parties shall then submit their proposed briefing schedule to the Court. The Court notes that July 28, 2009 and August 4, 2009 are possible hearing dates, and at least two weeks are required between the reply brief and the hearing date, pursuant to the local rules.

**IT IS SO ORDERED.**

Dated: June 19, 2009

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge