IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN MICROSYSTEMS INC,<br><br>  Plaintiff,<br><br> v.<br><br>NETWORK APPLIANCE,<br><br>  Defendant. | No. C-08-01641  EDL<br>No. C-07-06053  EDL<br>No. C-07-05488  EDL<br><br>**ORDER REGARDING OCTOBER 28, 2009 SUBMISSIONS FOLLOWING COURT'S OCTOBER 14, 2009 ORDER** |

On October 14, in response to letter briefs raising discovery-related disputes, this Court issued an Order allowing the following: (1) a joint statement regarding various privilege objections made during the deposition of NetApp's in-house counsel, Gary Ross; (2) in camera review of an allegedly privileged document NetApp claims was inadvertently produced; and (3) briefing regarding NetApp's objection during Mr. Ross' deposition to a question about an Intel-NetApp licensing agreement and Sun's subsequent demand for another 30(b)(6) witness on the topic. On October 28 and 29, the parties submitted briefing as allowed by the Court's order. Having considered the parties' positions on these issues, the Court rules as follows:

1. <u>Privilege objections made by NetApp during Mr. Ross' deposition</u>

 a. Sun seeks an order compelling Mr. Ross to answer a question regarding who at NetApp was involved in the selection of which patents would be asserted against Sun in the September 2007 complaint. The information sought in this question is not privileged, though the content of any discussions likely is. NetApp is hereby ordered to provide Sun with a list of individuals directly involved in selecting which patents to assert against Sun in the September 2007 Complaint.

 b. Regarding a question about royalty rates and historical royalty rates relating to certain

technology, Sun followed up by asking about the different fact situations that would determine a royalty rate. NetApp objected that answering this question would require Mr. Ross to disclose mental thoughts and impressions and required expert testimony. A response to this question does not require expert testimony, but seeks information from Mr. Ross in his personal experience. Mr. Ross is hereby compelled to answer the question, "What are the fact situations that you are aware of in your personal experience that would determine whether or not a royalty rate is in the low single digits or in the high teens?" His response may be limited to facts relating to his own personal knowledge of business considerations, factors, and situations, and he need not respond to the extent that his response would disclose legal considerations or relates to the impact of litigation or the threat of litigation.

    c.    Sun seeks an order compelling a response to a question regarding communication between Mr. Ross and Mr. Warmenhoven relating to patent licensing discussions between NetApp and StorageTek in the 2002 timeframe. A response to this question, which seeks information shared between a NetApp executive and in-house counsel regarding earlier licencing discussions that are now relevant to this case, would reveal privileged information. Sun's request to compel this information is denied.

2.    NetApp has submitted a March 2004 email (NA0509588-92) from Mr. Ross to management regarding his idea to establish a patent licensing program for NetApp's RAID DP technology for in camera review to determine whether NetApp may "claw back" this document on the basis of privilege. Having reviewed the document in question, the Court orders that the following information therein is privileged and should be redacted:

- Page NA0509591: The two sentences that begin with the phrase, "We do not have to . . . and end with "companies" under the "Target Audience" heading.
- Page NA0509591: The two sentences following the heading: "Restrictions:".
- Page NA0509591: The two sentences that begin with the phrase, "Another timing issue . . ."
- Page NA0509592: The third full sentence at lines two to three of the page.

3.  Both parties have submitted briefs regarding a dispute on two issues that arose during Mr. Ross' deposition: was Mr. Ross adequately prepared as a 30(b)(6) witness to testify on the topics to be covered; and was NetApp's objection to a question about whether DataONTAP was licenced to Intel pursuant to a patent cross-license agreement valid. Regarding the first issue, a review of the deposition transcript shows that Mr. Ross sufficiently answered the questions posed of him as a 30(b)(6) and Sun's demand for another witness on the topics covered is hereby denied. Regarding the second issue, Sun's request for a further response is also denied. The agreement at issue was a patent cross-license agreement, not a software license agreement, and Mr. Ross adequately testified that NetApp had no position yet on whether DataONTAP was covered by the agreement.

4.  Sun has also filed a two-page letter seeking leave to file an amended Reply to NetApp's Answer and Counterclaims to include an "assignor estoppel" affirmative defense. Sun's letter does not comply with the Court's 8/31/09 Order allowing the parties to submit "joint two-page letters to the Court when <u>discovery</u> issues arise for which Court intervention appears necessary" (emphasis added). A noticed motion is the proper vehicle for this request. Sun does not need leave of Court to file a noticed motion to amend its reply.

**IT IS SO ORDERED.**

Dated: November 3, 2009

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge