IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NETWORK APPLIANCE, INC.,

   Plaintiff,

 v.

SUN MICROSYSTEMS INC.,

   Defendant.

No. C-07-06053-EDL
No. C-07-5488-EDL

**ORDER REGARDING DECEMBER 8, 2009 JOINT LETTER BRIEF**

   On December 8, 2009, the parties filed a joint two-page letter regarding a discovery dispute over Sun's request that NetApp produce information relating to NetApp's newly-released DataONTAP ("DOT") 8.0.

   Sun argues that, despite its contentions that any version of DOT infringes certain Sun patents-in-suit, NetApp has refused to produce information relating to its newest release, DOT 8.0. Sun argues that it learned in September 2009 through depositions of NetApp employees that DOT 8.0 had been released, and sought code for the product in a searchable format but NetApp refused its request. According to Sun, DOT 8.0 is squarely within its infringement contentions for several of the patents-at-issue, and Sun seeks an Order requiring NetApp to produce: (1) a final, searchable version of the code; (2) an updated document production and interrogatory responses to encompass this product; and (3) a 30(b)(6) witness on the topic. Sun also argues that it did not have this information in time for its -6053 and -5488 expert reports, and requests that it be allowed to supplement its expert reports.

   NetApp counters that this is an untimely request to significantly re-open discovery in these cases. It believes that several 30(b)(6) depositions may be necessary, and that in addition to supplemental document production and expert reports, Sun will also likely seek to amend its

infringement contentions and try to escape from existing summary judgment rulings. It notes that this additional discovery request is being made in the -5488 case, in which there are pending summary judgment motions to be heard next month. NetApp also notes that this request seeks to re-open discovery as to patents, such as the '630 patent, where DOT is not even implicated. Finally, NetApp points out that allowing new discovery of this sort would engender a self-perpetuating cycle of litigation, because both parties regularly release new versions of products and product updates (Sun issues a new release of Open Solaris as often as every two weeks). It argues that if Sun is allowed this discovery, the re-opening of discovery for each new code release must be bilateral.

Allowing Sun's request would likely derail the case management schedules for both cases, and it would be unworkable for the litigation to proceed if every new release of an implicated product required additional discovery and the potential amendment of expert reports and infringement contentions, even months after the close of discovery and claim construction and while summary judgment motions are pending. Cf. Abbott Diabetes Care Inc. v. Roche Diagnostics Corp., 2007 WL 2221029, *2 (N.D.Cal. 2007) (disallowing amendment of infringement contentions to add new products less than two months before discovery cutoff because allowing the amendment "would likely derail the case management schedule, require additional claim construction, and delay trial); Integrated Circuit Systems Inc. v. Realtek Semiconductor Co., Ltd., 308 F.Supp.2d 1106, 1107 (N.D. Cal. 2004) ("Requiring or even permitting a plaintiff to amend or supplement its disclosures as it discovers new products would remove the claim construction process from the control of the court and signal a return to the 'shifting sands' approach which sometimes occurred during the claim construction process prior to the enactment of the Patent Local Rules"). The Court therefore DENIES Sun's request.

**IT IS SO ORDERED.**

Dated: December 15, 2009

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge

2