IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUN MICROSYSTEMS, INC.,

    Plaintiff,

  v.

NETWORK APPLIANCE, INC.,

    Defendant.

No. C-07-05488 EDL

**ORDER GRANTING SUN'S MOTION FOR LEAVE TO AMEND REPLY TO NETAPP'S ANSWER AND COUNTERCLAIMS**

    Sun has filed a Motion seeking leave to amend its Reply to NetApp's Answer and Counterclaim to assert the affirmative defense of assignor estoppel.  Sun contends that it only recently learned that a current NetApp employee, Mark Insley, involved in development of the accused NetApp technology, is a former Sun employee and inventor of the patent in question.  NetApp counters that Sun had all of the information needed to assert this defense months ago but delayed, that it will be prejudiced as a result, and that amendment would be futile.

    Having considered the parties' papers and oral arguments, relevant legal authority, and the record in this case, the Court hereby GRANTS Sun's Motion For Leave to Amend its Reply.  Although it is a close question, Sun has demonstrated that it did not unduly delay in bringing this motion and was diligent in doing so once it had all of the relevant information it needed.  Given Sun's concession in its papers and open court that it will not need additional discovery on the assignor estoppel defense, and NetApp's admission that the information it needs to defend against this defense is within its possession, little or no prejudice has been shown.  Finally, NetApp has not shown that the amendment would be futile.

    Sun has also filed requests to seal portions of its Motion and Reply as well as portions of the accompanying declarations based on the fact that NetApp had previously designated this

information Confidential or Highly Confidential.  NetApp's response reduced the number of documents that Sun initially sought to be sealed on the basis of NetApp's designations, and requests sealing of:  Exhibits C and D to the Corbett Declaration, Sun's unredacted Reply brief, and Exhibits 1 and 3 through 10 of the Corbett Reply Declaration.  NetApp states that these documents reflect NetApp's trade secrets or sensitive business information that could harm NetApp if publicly disclosed.  There is good cause for sealing these documents, and Sun's request to seal should be GRANTED as to Exhibits C and D to the Corbett Declaration, Sun's unredacted Reply brief, and Exhibits 1 and 3 through 10 of the Corbett Reply Declaration.  Sun's Request is otherwise DENIED.

Finally, in the parties' papers and at oral argument, NetApp relied on an agreement between the parties whereby document production would serve to supplement initial disclosures.  While the agreement has some merit, neither party could articulate any standard by which this agreement would operate if the Court were called upon to decide whether disclosures were adequate if challenged.  The parties are hereby Ordered to meet and confer regarding this agreement to determine more specifically when and how initial disclosures should be updated, and when and how document production may serve to supplement initial disclosures.  The Court notes that any process by which limited hits in searches of the millions of documents produced in this case are relied on as adequate disclosure supplementation of important information like witnesses likely to be called at trial is unlikely to be sanctioned by the Court.

**IT IS SO ORDERED.**

Dated: December 16, 2009

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

2